# Hayes *v.* Banks, Adm'r, etc.

*Statutory Action in the Nature of Ejectment.*

[Decided February 13, 1902.]

1. *Acknowledgments; officers authorized to take; chancery clerks; notarial seal; recital in certificate.*—A "chancery clerk" of another State is not authorized to take acknowledgments of deeds, under the laws of Alabama; and, in the absence of a notarial seal, the mere fact that he styles himself "*ex offcio* notary public," does not show that he has such authority.

2. *Same; defective, when operates as attestation.*—Where the certificate of acknowledgment is defective, or had before one not authorized to take acknowledgments, the signing of such certificate will operate as an attestation of the conveyance.

3. *Deeds; execution of, how proven; Code, §¹ 1797.*—Under § 1797 of the Code, the maker of a deed is competent to prove its execution by proving his own signature, and that of the attesting witness, and it is immaterial which he offers to prove first.

4. *Deeds; execution of; power of attorney; legal title.*—Where at the time of the execution of a deed, which is signed by the grantor individually and as attorney in fact for another, the legal title is in the grantor individually, the deed is admissible in evidence wthout proof of the power of attorney.

APPEAL from Bibb Circuit Court.

Tried before Hon. JOHN MOORE.

Statutory action of ejectment by S. E. Banks as administrator of the estate of Marcellus Banks, deceased, against W. R. S. Hayes.  The opinion shows the facts.

ELLISON & THOMPSON, for appellant, cited Code, § 1797; *Dowing v. Blair,* 75 Ala. 219; *Draper v. Walker,* 98 Ala. 313; *Walsh v. Phillips,* 54 Ala. 309; *St. John v. Kidd,* 26 Cal.; 11 Am. & Eng. Ency. of Law (2d ed.), p. 585, note 2; *Conrad v. Atlantic Ins. Co.,* 1 Peters, 451.

HOGUE, LAVENDER & FULLER, for appellee, cited Code, §§ 982, 984; *Jones v. Morris,* 61 Ala. 518; *Taylor v. A. & M. Ass'n.,* 68 Ala.; *Standifer v. Swan,* 78 Ala. 88; 11 Am. & Eng. Ency. of Law (2d ed.), 585.

DOWDELL, J.—This is a statutory action in the nature of ejectment. The appellant, plaintiff in the court below, took a non-suit with leave to set aside on bill of exceptions on account of the adverse ruling of the trial court on the evidence. Only one question is presented, and that is upon the court sustaining the objection to evidence offered by the plaintiff to prove the execution of a deed relied upon by the plaintiff as title to the land in question, and which was necessary to his right of recovery. This deed purported on its face to have been signed on the 21st day of November, 1896, by "Marcellus Banks, by D. A. Flournoy, his attorney in fact," and also by D. A. Flournoy, mortgagee. It was acknowledged in the State of Mississippi before one C. E. Gay, who styles himself as "chancery clerk," and ex-officio notary public." This deed, when offered in evidence, was objected to by the defendant and the objection sustained by the court. The plaintiff thereupon introduced D. A. Flournoy as a witness, and offered to prove by him that he signed said deed, which was objected to by the defendant, and the objection being sustained by the court, the plaintiff was forced to take a non-suit, reserving an exception to the ruling of the court.

A "chancery clerk" of another State is not designated in our statute as one of the officers authorized to take acknowledgments of deeds. And in the absence of an official seal as notary public, or other evidence of notarial powers, the mere fact that he styles himself "ex-officio notary public" does not aid the matter. While

the deed, however, for want of a proper certificate of acknowledgment, was not admissible in evidence, as self-proving under the statute, it was capable of being rendered competent by proof of its execution. It has been held by this court, that in cases, where the certifi- cate of acknowledgment is defective, or had before one not authorized to take acknowledgments, the signing of such certificate will nevertheless operate as an attesta- tion of the deed.—*N. C. & St. L. R'y. Co. v. Hammond et al.* 104 Ala. 191; *Torrey v. Forbes,* 94 Ala. 142. See also 11 Am .& Eng. Ency. Law, (2d ed.), p. 602.

Section 1797 of the Code of 1896 provides that "the execution of any instrument of writing attested by wit- nesses may be proved by the testimony of the maker thereof, without producing or accounting for the ab- sence of the attesting witnesses." It was under this section that the plaintiff offered the evidence of the wit- ness, D. A. Flournoy, the grantor and maker. It was competent to prove by this witness, under the above statute, the execution of the deed by proving his own sig- nature as the maker, and that of C. E. Gay as an attest- ing witness, and in the introduction of this testimony, it was wholly immaterial which the plaintiff offered to prove first. Nor will it be presumed from his failure to offer proof as to the signature of the attesting wit- ness, after being denied the right to prove by the wit- ness his own signature as maker, that he would not have done so, had the witness been permitted to testify to his own.—*Pollak v. Caldwell,* 91 Ala. 353. The court erred in sustaining the objection to this evidence. Under the mortgage which was introduced in evidence, the legal title to the land, was shown to be in D. A. Flournoy at the date of the deed made by him to the plaintiff, and the mere fact that he signed the deed both as D. A. Flournoy individually, and D. A. Flournoy "as attorney in fact for the mortgagor," did not render it necessary to the admission of the deed in evidence, to show his power of attorney. The legal title was in him, and not in his mortgagor, and no power of attorney, was necessary to convey the same.

For the error pointed out, the judgment will be re- versed and the cause remanded.