[Birmingham Railway Light & Power Company v. Hinton.]

# Birmingham Railway Light & Power Company *v.* Hinton.

*Damages for Destruction of Goods by Fire.*

(Decided Nov. 19, 1908.   47 South. 576.)

1. *Evidence; Opinion Evidence.*—One who was the owner of household goods and familiar with them was competent to give his opinion as to their value.

2. *Damages; Loss of Goods.*—Where there was proof of value of goods not based entirely upon the costs of the goods, the jury was authorized to fix the value in an amount greater than a nominal sum.

3. *Same; Elements of Value.*—The measure of damages for destroyed household goods is not limited to their market value, since their value to their owner and the expense of replacing them would ordinarily exceed their market value.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by Walter L. Hinton against the Birmingham Ry. L. & P. Co., to recover as damages the value of certain household goods alleged to have been destroyed by fire set out by one of defendant's engines. Charge 1, was as follows: If the jury find for the plaintiff they can assess no more than nominal damages in this case. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant. It is elementary, that the measure of damages is the market value of the goods at the time and place where they were destroyed, and the jury were not authorized to infer what this was, from what they "cost" plaintiff at a wholly indefinite time and place.—*Louisville Jeans Clothing Co. v. Lischkoff,* 109 Ala. 136; *Alabama Great Southern Railroad Co. v. Moore & Stephens,* 109 Ala.

393; *Central of Georgia v. Main,* 135 Ala. 451; *Manchester etc., Co. v. Feibelman,* 118 Ala. 308; *Southern Railroad Company v. Parnell,* 37 So. 925.

ESTES, JONES & WELCH, for appellee. Counsel discuss the cases cited by appellant, and insist that they have no application to the case. As to the question of value and the evidence relative thereto they cite the following cases.—*J. T. & K. W. Ry. Co. v. Penn. Land Co.,* 9 South. 680; *Denver S. P. & P. R. R. Co. v. Frame,* 18 A. & E. R. R. Caces, 640; *Inter. & G. N. R. R. Co. v. Nicholson,* 21 A. & E. R. R. Cases, 122; *So. Ex. Co. v. Owens,* 41 South. 752.

ANDERSON, J.—The witness was the owner of the goods and was familiar with them, and this was the only predicate essential to an opinion from him as to their value.—*Southern R. R. Co. v. Morris,* 143 Ala. 631, 42 South. 17, and authorities there cited. The plaintiff testified as to the worth of the goods, and this evidence was to be considered by the jury in determining the value of same. It may be that the cost of same could not have been shown as evidence of their value, or, if the witness had not knowledge of their value and based his estimate solely on what they cost, that an opinion advanced by him should be excluded. But it was not shown that Hinton based his valuation solely on the cost of the articles, or that he could not give an opinion of their value regardless of the cost. On the other hand, he stated upon cross-examination that the basis of his estimate was the amount they cost "and what they are really worth." There was no effort to exclude from his consideration the cost of the goods or to show that his opinion was based entirely upon the cost, and, as there was proof of

[Birmingham Railway Light & Power Company v. Hinton.]

value not based entirely upon the cost of the goods, the jury was authorized to fix the value beyond a nominal sum.

While we treat this case upon the idea that the market value of the goods at the time of destruction was the criterion of their value, and affirm it upon the idea that the jury had some evidence of said market value, yet we do not mean to hold that the marketable value should be the test as to articles of the character in question, or that the owner could not have shown the cost of same as a factor in arriving at their value. Household goods, such as furniture, bedding, and wearing apparel, kept for use and not for sale, and which have in fact been used, may have a real intrinsic value to the owner, and yet little or no market value. In some instances it would be difficult, as well as expensive, to replace them, and yet, if put upon the market there would be little or no demand for them, and in such cases the value should be fixed or ascertained in some rational way, other than by showing what they would bring in a particular market or if hawked off by a secondhand dealer.—*Denver, South Park & Pac. R. R. v. Frame,* 6 Colo. 382; *Sou. Express Co. v. Owens,* 146 Ala. 412, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41; *Howard College v. Turner,* 71 Ala. 430, 46 Am. Rep. 326.

The trial court did not err in refusing charge 1, requested by the defendant. The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.