# Kates Transfer & Warehouse Co., *et al.* *v.* Klassen.

*Loss and Damage to Goods.*

(Decided May 28, 1912.   59 South. 355.)

1. *Bill of Exceptions; Establishment; Application; Time.*—Where a judge before whom a case is tried denied the motion for a new trial, and on the same day resigned his office, and the next call of the division in the appellate court to which the motion for the establishment of a bill of exception could be addressed, was nine days after the overruling of the motion, an application made on that date was in time.

2. *Evidence; Value; Articles Having No Market Value.*—Market value is not the test as to value of second hand articles kept for use and not for sale, and hence, the cost of such articles become admissible as tending to show something of their value.

3. *Charge of Court; Directing Verdict.*—Where there was evidence of the value or worth to plaintiff of at least some of the articles on which to base a finding for more than merely nominal damages, the court could not properly direct a verdict for the defendant.

[Kates Transfer & Warehouse Co., et al. v. Klassen.]

4. *Carriers; Loss or Injury to Property; Market Value; Value to Owner.*—Where certain photographs and other articles belonging to plaintiff, having no market value, were lost or damaged by the negligence of the carrier, the plaintiff was entitled to recover the value of the goods to her, and was not, by reason of a want of market value precluded from recovering damages.

5. *Same; Special Damages.*—Where the plaintiff notified the transfer company that she desired her baggage taken to the station in time to be put upon a certain train, and the defendant transfer company agreed and contracted to perform such service, and by reason of the negligence of one of its drivers, its wagon containing such baggage got into a collision with a train, whereby the trunks became broken, and the contents lost and damaged, requiring plaintiff to postpone her journey for a day and night in regaining her baggage, the expenses incident to such delay were the proximate consequence of defendant's breach of contract, entitling plaintiff to recover them as special damages.

6. *Same; Opinion; Damages; Evidence.*—Answering a question propounded to her as to the amount of damages to her trunk and its contents, plaintiff replied that some of the articles contained in the trunk were torn, and some were filled with grease and dirt, and rendered unfit for use. Held, the answer was admissible as descriptive of the extent of the damages, and not objectionable as invasive of the province of the jury, in undertaking to give the amount of the damages with reference to pecuniary loss.

7. *Same; Negligence; Intoxication.*—Where a defendant sent a drayman for plaintiff's trunks, and such drayman negligently came in contact with a moving train, resulting in the trunks becoming broken and the contents lost or injured, it was competent to show that the drayman was under the influence of whisky when he called for the trunk.

8. *New Trial; Misconduct of Jury.*—Where a jury, without the knowledge or consent of plaintiff's counsel before retiring to their room, obtained and examined, some of his notes or memoranda made during the trial, and therefrom, among other things, computed the amount of damages, such action did not constitute such misconduct as to justify a new trial after verdict.

APPEAL from Birmingham City Court.

Heard before Hon. J. T. STOKELY.

Action by Mrs. M. C. Klassen against the Kates Transfer & Warehouse Company, and others. Judgment for plaintiff and defendants appeal. Affirmed.

JOHN T. GLOVER, for appellant. Under the authority of *Flake v. The State*, 56 South. 47, on the facts as presented, the bill of exceptions should be established. The court erred in admitting evidence as to the condition of

the driver when he called for the baggage, and also in permitting plaintiff to state that some of the articles were torn, and others filled with grease and dirt, and rendered unfit for use.—*C. of G. Ry. Co. v. Jones,* 54 South. 509; *Young v. Cureton,* 6 South. 352; *Hames v. Brownlee,* 63 Ala. 277; *Ladd v. Ladd,* 121 Ala. 583. The matter of expense on account of delay was not recoverable as damages.—*So. Ry. Co. v. Webb,* 39 South. 262. The court erred in refusing the 1st, 2nd, 3rd and 4th charges requested by defendant.—Authorities supra, and *Snedicor v. Pope,* 39 South. 318; *Buist v. Guice,* 96 Ala. 255; *Crebbs v. Brown,* 108 Ala. 508. The defendant was entitled to the affirmative charge on the theory that the goods had no provable market value.—*B. R. L. & P. Co. v. Hinton,* 157 Ala. 630.

HUGH H. ELLIS, for appellee. The intoxication of the driver was admissible in evidence.—1 Greenl. sec. 14. It is competent for plaintiff to state that some of the articles were rendered unfit for use.—*Crebbs v. Brown,* 108 Ala. 508; *Young v. Cureton,* 87 Ala. 727. The expenses incident to a recovery of the goods was the proximate result of the negligence of the defendant, and proper items of special damage.—*Trustees v. Turner,* 71 Ala. 443; *Goodwin v. Moses,* 99 Ala. 230; *Daugherty v. Am. U. T. Co.,* 75 Ala. 168; *Reynolds v. Bell,* 84 Ala. 496. There was no error in refusing to give the affirmative charge.—*L. & N. v. Algood,* 113 Ala. 163; *Douglass' Case,* 37 Ala. 638; 6 Cyc. 562; 3 Sutherlin on Damages, sec. 919. Sufficient evidence was introduced showing the reasonable value of the goods lost or damaged to sustain the action.—*So. Ry. v. Morris,* 143 Ala. 631; *A. G. S. v. Moody,* 92 Ala. 279. No sufficient cause was shown for granting a rehearing.—17 A. & E. Enc. of Law, 1204.

PELHAM, J.—In support of the motion to establish the bill of exceptions, it is shown that the case was tried in the city court of Birmingham on the 5th day of April, 1911, and judgment rendered against the defendant, who made a motion for a new trial, which motion was heard and denied on the 8th day of April, 1911. Thereafter, on the same day, to wit, April 8, 1911, the Honorable J. T. Stokely, the judge who presided on the trial of said case and heard and passed upon the motion for a new trial, resigned from office. The next call of the division in this court at which an application to establish a bill of exceptions could be made was on April 17, 1911, or nine days after the motion was overruled and the judge resigned. Under the ruling made by this court in the case of *Flake v. State,* 2 Ala. App. 134, 56 South. 47, the application to establish the bill of exceptions was seasonably made, and, the bill presented being admitted to be correct, the motion to establish will be granted.

Suit was brought in the trial court by the appellee to recover damages for the injury or destruction of two trunks and contents delivered to the appellant, who was engaged in a general transfer business in the city of Birmingham, to be carried, for a reward, from the residence of the plaintiff's sister, where plaintiff was visiting, to the terminal station in the city of Birmingham.

The record shows certain rulings on the pleadings, but no assignment of error is based on any ruling of the court on the pleadings; issue being joined on the second, third, and fourth counts of the complaint and the first, second, and third pleas. The first count of the complaint was for failure to deliver, the second count was for injury or damage done to the goods, and the third count alleged a failure to deliver and claimed special damages for inconvenience, trouble, and expenses

incurred "in having to lay over in Birmingham for, to wit, one day and night, having previously bought her ticket for Atlanta, Ga., and was prevented from departing at her arranged time by reason of her failure to receive said trunks and contents." The defendant's pleas Nos. 1, 2, and 3 were general denials and amounted only to the general issue.

The plaintiff's evidence was to the effect that the trunks were delivered to the defendant transfer company's agent at the home of the plaintiff's sister, a drayman, who was instructed to deliver them at the terminal station in time for the 4:10 p. m. train for Atlanta, as the plaintiff intended to take that train. Before the delivery to the drayman, the plaintiff had telephoned to the defendant's office to secure its services in having the trunks carried to the station. It was shown that the trunks were not taken to the station, that they were damaged, one of them being broken open and some of its contents scattered on the ground, on account of the wagon in which they were carried having been struck by a train on the tracks of the Louisville & Nashville Railroad Company. The collision was shown to have been due to the fault or negligence of the defendant's agent or driver in charge of the wagon. On account of not getting her trunks, due to the defendant's breach of duty, the plaintiff did not go on the contemplated train to Atlanta, but remained in Birmingham to look after and regain her baggage. She found the trunks in a damaged and broken condition at the defendant's warehouse in a different part of the city from the station, and the contents piled upon the floor, and upon plaintiff demanding her property it was refused to her unless she would sign "a paper," which she refused to do. The next day the plaintiff purchased two new trunks, sent them to the defendant's warehouse, and packed the re-

mainder of her articles that had not been lost into these trunks and had them sent to the station, and the plaintiff left for Atlanta that afternoon with her baggage.

The appellant contends that the court was in error in allowing the plaintiff to testify to the cost of certain of the articles for which damages were claimed for loss or injury, and that there was a failure upon the part of the plaintiff to prove the value or amount of damage, or furnish any data from which the jury could with reasonable accuracy ascertain or compute the amount of damage and render an intelligent verdict therefor. The bill of exceptions shows in several different instances that when the plaintiff was being examined as a witness in her own behalf, and her counsel asked her what the different articles that had been lost or damaged were worth, no objection was offered to these questions, but that each time when the witness answered the question as to the worth of the article by saying that it *cost* a certain amount, the defendant moved to exclude the answer on various grounds, but in no instance on the ground that the answer was not responsive to the question. In some of the instances the plaintiff gave data from which a reasonable estimate of the then present value of the article could be fairly arrived at; as when she testified about the watch that was lost and said, "It cost $15 ten years ago, it was gold-plated, double-faced Elgin movement watch, and was in good running order at the time of its loss." In testifying about the trunks, she said: "One of the trunks cost $6, and the other one cost $10. One of the trunks was in good condition, but the $6 trunk was not in as good order as the other, but was substantial." In testifying about the lost photographs, she gave data from which the worth to her could be estimated. In that connection she testified: "Of the six photographs that were lost, two of them

were pictures of my dead sisters and the only pictures. that I had of them, and I cannot replace them. The other photographs were pictures of friends and cannot be replaced."

The action of the court in allowing the witness to state the cost of the articles that are not shown to have had a market value was proper. "Where it is shown that the property in question has a market value, then that is the proper standard of value; but, if the property be not shown to be marketable, the rule would not apply."—*Cooney v. Pullman Co.,* 121 Aal. 368, 372, 25 South. 712, 53 L. R. A. 690. The market value is not the test as to secondhand articles not kept for sale, but for use, and the owner can show the cost as one of the factors in arriving at their value.—*B. R. L. & P. Co. v. Hinton,* 157 Ala. 630, 47 South. 576.

There was no error in refusing the general charge requested by the defendant on the different counts, as there was sufficient evidence of the value or worth to plaintiff of at least some of the articles upon which to authorize a finding for more than nominal damages.

The photographs were articles of property that were lost that cannot be said to have a marketable value that could be shown, but, as said in *So. Ex. Co. v. Owens,* 146 Ala. 413, 426, 41 South. 752, 755 (8 L. R. A. [N. S.] 369, 119 Am. St. Rep. 41, 9 Ann. Cas. 1143): "It does not follow from this, nor is it the law, that the plaintiff must be turned out of court with nominal damages merely. Where the article or thing is so unusual in its character that market value cannot be predicated of it, its value, or plaintiff's damages, must be ascertained in some other rational way, and from such elements as are attainable.—*Trustees v. Turner,* 71 Ala. 429, 46 Am. Rep. 326; *Cooney v. Pullman Co.,* 121 Ala. 368, 25 South. 712, 53 L. R. A. 690; *Jonas v. Noel,* 98 Tenn.

440, 39 S. W. 724, 36 L. R. A. 862; *Masterton v. Mayor, etc.,* 7 Hill (N. Y.) 61, 42 Am. Dec. 38; *Sullivan v. Lear,* 23 Fla. 463, 2 South. 846, 11 Am. St. Rep. 388; 3 Sutherland on Damages (3d Ed.) § 919."—*So. Ex. Co. v. Owens, supra.* "As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover."—*Cooney v. Pullman Co.,* 121 Ala. 372, 373, 25 South. 715 (53 L. R. A. 690).

The court, in allowing the plaintiff to prove the expense to which she had been put in remaining in Birmingham a day and night in regaining her baggage, was but permitting proof of the specific allegations of the third count of the complaint, on which issue had been joined. Moreover, the defendant's agent was apprised of the fact that the trunks were to go with plaintiff upon a certain train as her personal baggage and undertook the duty of carrying them to the station and delivering them to plaintiff with that end and purpose in view, and the damages occasioned for the necessary expense incurred by remaining in Birmingham for a night and day for the purpose of regaining her personal baggage was the direct and proximate consequence of the defendant's breach of duty, and may fairly be supposed to have entered into the contemplation of the parties when they entered into the contract, or assumed the duty. "Where a contract is entered into under special circumstances within the knowledge of both parties, the natural and proximate consequences of a breach of which will entail special damages upon the party not in default, the larger amount of damages may be recovered, as having been in the contemplation of both parties.—*Bixby-Theison Lumber Co. v. Evans,* 167 Ala. 431 [52 South. 843, 29 L. R. A. (N. S.) 194, 140 Am. St.

Rep. 47].''—*Browning v. Fies, et al.,* 4 Ala. App. 580, 58 South. 931. We think the actual reasonable expenses incurred by plaintiff during the period of her detention while necessarily engaged in regaining her baggage would be a proper element of recoverable damages.—*St. L. & S. F. R. R. Co. v. Lilly,* 1 Ala. App. 320, 55 South. 937.

There was no error in the court's permitting the plaintiff to show, as explanatory of his actions, that the defendant's drayman was drunk when in response to the plaintiff's telephone call to defendant's office this particular drayman called for the trunks .

Nor was there prejudicial error in overruling the defendant's objection to the question asked the plaintiff as to the amount of damages done to the articles. The witness answered: "Some of the articles were torn; some full of grease and dirt and were unfit for use." The testimony elicited was clearly competent and was descriptive of the extent of the damage and in no way an invasion of the province of the jury in undertaking to give the amount of damage with reference to pecuniary loss. The cases cited by appellant do not, for this reason, apply.

There was no misconduct or irregularity on the part of the jury that would authorize the court to grant defendant's motion for a new trial based on that ground. The fact that without the knowledge or consent of the plaintiff's counsel, the jury obtained and examined, before retiring to consider their verdict, some of the notes or memoranda made by him during the progress of the trial, "and therefrom, among other things, computed the amount of damage," would not be a sufficient reason, without more, for setting aside the verdict.—*L. & N. R. R. Co. v. Sides,* 129 Ala. 399, 29 South. 798; *Craig & Co. v. Pierson Lumber Co.,* 169 Ala. 548, 53 South.

803; *Ala. Lumber Co. v. Cross,* 152 Ala. 562, 44 South. 563; *Birmingham Ry. Co. v. Mason,* 144 Ala. 387, 39 South. 590, 6 Ann. Cas. 929.

No error is shown in the rulings of the trial court, and the judgment of that court will be affirmed.

Affirmed.