# Buerger v. Mabry.

### Assumpsit.

(Decided October 19, 1916. 73 South. 135.)

1. **Appeal and Error; Harmless Error; Pleading; Instruction.**—Where the action was for rent and the parties tried the case on the theory that it was an issue whether the rent was reduced in lieu of plaintiff's obligation to repair, and an instruction was given on that point, plaintiff could not complain that the issue was eliminated by the ruling of the court on demurrer, as any error in such ruling is cured by the charge.

.[Buerger v. Mabry.]

2. **Evidence; Parol to Vary Writing; Circumstances.**—Where the evidence tended to show that, contemporaneously with the execution and delivery of the lease, the landlord made an agreement to repair, the lease and the agreement being delivered at the same time, parol evidence was admissible to show the circumstances under which the contract was made, and the subject matter to which the parties referred, as the question of the merger of a prior agreement, and the one subsequently made between the same parties and covering the same subject matter was not presented.

3. **Same.**—In cross examining plaintiff, it was permissible for the tenant to prove the execution of plaintiff's agreement to repair made and delivered contemporaneously with the lease.

4. **Same.**—A paper signed by the landlord, after proof of its execution, was properly admitted as evidence of his agreement to repair.

5. **Same; Conclusion.**—Where the action was for rent, and defendant set up a breach of agreement to repair, a question to a witness, "What caused its trouble?" (referring to the rusty condition of defendant's cook stove) did not call for the conclusion of the witness.

6. **Landlord and Tenant; Damages; Breach of Agreement. to Repair.**—Under evidence in this case it was a question for the jury as to what damages defendant had sustained, the action being for rent, to which defendant set up the breach of agreement to repair.

7. **Damages; Household Goods.**—Where no market value is shown for second-hand goods, the actual value of such goods to the owner, excluding fanciful or sentimental value, furnishes the rule for the measure of damages.

8. **Charge of Court; Directing Verdict.**—Where there was evidence tending to support plaintiff's claim and other evidence tending to support defendant's special pleas, there was no room for the affirmative charge.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by August Buerger against Mrs. Sarah Mabry. From a judgment for defendant. plaintiff appeals. Affirmed.

The complaint claims for rent under a written lease, which is specified. The pleas set up that plaintiff agreed to make certain repairs upon the house, and because of the failure to repair, defendant's goods, household effects and furniture, were injured in the sum of $30?, which she offers to recoup, and claims damages for. The third plea sets up plaintiff's failure to make such repairs, and because of such failure the house leaked and damaged defendant's goods in the sum of $30?, which she offers to recoup. The fouth plea sets out the enumerations in writing of the repairs which plaintiff agreed to make,. plaintiff's failure to make them, and the consequent damages as set out in the other pleas. The tenant's agreement is set out, and contains no agreement to repair. The landlord's agreement is also set out, and appears to have been signed on the same day as the lease was

signed. The replication set up an agreement between defendant and plaintiff that so long as all the said repairs were not made, there would be a reduction in lieu of said repairs of $5 per month, commencing with the month of January, and that after allowing defendant reduction therefor and a credit, there was due from defendant to plaintiff under said lease at the time this suit was filed the sum of $120. The other facts sufficiently appear.

BOYLES & KOHN, for appellant. ERVIN & MCALEER, for appellee.

BROWN, J.—The issue sought to be presented by the plaintiff's special replications 2 and 3 to the defendant's plea of recoupment was that subsequent to the execution of the lease, by agreement between the parties, the rent was reduced $5 per month, and that this reduction was made in lieu of the plaintiff's obligation to repair; and although a demurrer was sustained to these replications, it clearly appears from the record that the case was tried as though this was an issue in the case. Both parties introduced evidence touching this subsequent agreement, and at the instance of appellant the court instructed the jury as follows: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence that the reduction of $5 per month in the rent was made in lieu of repairs, you must find for plaintiff."

(1) The parties having tried the case on the theory that this was an issue in the case, and this instruction to the jury having been given by the court at appellant's instance, he is in no position to complain that the issue was eliminated by the ruling of the court on the demurrers.—*L. & N. R. R. Co. v. Holland,* 173 Ala. 675, 55 South. 1001; *Travis, Adm'r, v. Sloss-Sheffield S. & I. Co.,* 162 Ala. 6ˆ5, 50 South. 108; *Tygh v. Dolan,* 95 Ala. 271, 10 South. 837. In short, the issue was as effectually submitted to the jury by this charge as it could have been had the demurrer been overruled; and the court, by giving this charge at appellant's request, cured the error, if error it was, resulting from sustaining the demurrer to the replications.—*Friedman Bros. v. Cullman Building & Loan Association,* 124 Ala. 344, 27 South. 332.

(2-4) The evidence tended to show that contemporaneously with the execution and delivery of the lease, the plaintiff made

an agreement to repair, the lease and the agreement to repair being delivered at the same time. On this evidence, the question of the merger of a prior agreement into one subsequently made between the same parties, and covering the same subject-matter, is not here presented. Parol evidence was admissible to show the circumstances under which the contract was made and the subject-matter to which the parties referred.—*Reynolds v. Lawrence,* 147 Ala. 219, 40 South. 576, 119 Am. St. Rep. 78; *Smith v. Fields,* 79 Ala. 335. And it was permissible for the defendant, on cross-examination of the plaintiff, to prove the execution of the agreement to repair by the plaintiff.—*Hayes v. Banks, Adm'r,* 132 Ala. 354, 31 South. 464. The paper signed by the plaintiff, after its execution was proven, was properly admitted as evidence of the agreement to repair.

(5-7) The plaintiff's objection to the question, "What caused its trouble?" propounded to the witness A. P. Mabry, and referring to the rusty condition of the cookstove, was properly overruled.—*Stouts Mountain Coal & Coke Co. v. Tedder,* 189 Ala. 637, 66 South. 619. The evidence tended to show that the defendant paid $12 for the cookstove, that it was new when it was placed in the rented house, and that it was damaged by water that leaked through the roof to such extent that it had been discarded. On this evidence, it was a question for the jury as to what, if any, damage the defendant had sustained. Where no market value is shown for secondhand household goods, the actual value of such goods to the owner (excluding fanciful or sentimental value), furnishes the rule for the admeasurement of damages.—*Cooney v. Pullman Palace Car Co.,* 121 Ala. 368, 25 South. 712, 53 L. R. A. 690; *State v. Stoddard,* 13 Ala. App. 560, 69 South. 980.

(8) There was evidence tending to support the claim of the plaintiff as embodied in his complaint; and there was also evidence tending to support the defendant's special pleas. The appellant, therefore, was not entitled to the affirmative charge.

This disposes of all assignments of error on the record, and, no reversible error appearing, the judgment is affirmed.

Affirmed.