JAMES SARKESIAN vs. CEDRIC CHASE PHOTOGRAPHIC
LABORATORIES, INC.

Middlesex.    May 4, 1949. — September 23, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, SPALDING, &
WILLIAMS, JJ.

*Photograph. Damages,* For breach of contract. *Practice, Civil,* Stipula-
tion, Requests, rulings and instructions. *Words,* "Any damages."

A finding that development of a certain roll of photographic film used in
a camera by its owner would have resulted in satisfactory pictures was
warranted by evidence that on previous occasions satisfactory pictures
had resulted from development of films obtained by him "from the
same source" and used by him in the same camera.
The plaintiff in an action of contract, owner of a roll of photographic film
lost while in the possession of the defendant, to whom he had delivered
it for development, was entitled to recover at least the expense of re-
placing the roll, and there was no error in the refusal of a requested
ruling that the plaintiff was not entitled to recover "any damages."
Upon a bill of exceptions presenting the propriety of a refusal of a re-
quested ruling that the plaintiff was not entitled to recover "any
damages," this court could not consider an oral agreement, made by
counsel at the argument in this court and not appearing to have been
approved by the trial judge, that at the trial counsel and the judge
had understood the requested ruling to refer to special damages; and
the words "any damages" must be taken in their ordinary sense.

CONTRACT OR TORT.    Writ in the Superior Court dated
April 16, 1946.

The case was heard by *Morton,* J.

In this court, the case was argued in May, 1949, before
*Qua,* C.J., *Dolan, Spalding,* & *Williams,* JJ., and after the
resignation of *Dolan,* J., was submitted on briefs to *Lummus,
Ronan,* & *Wilkins,* JJ.

*W. J. Bannan,* (*J. A. Duffy* with him,) for the defendant.
*A. R. Kingston,* (*H. W. Coffin* with him,) for the plaintiff.

WILLIAMS, J.    This is an action of contract or tort to
recover damages for the loss of a roll of photographic film
delivered by the plaintiff to the defendant to be developed.

The declaration is in two counts and, the count in tort having been waived, the case was tried, before a judge sitting without jury, on the count in contract. There was evidence that in May, 1945, the plaintiff, then a soldier in the United States army stationed overseas, procured the roll of film in question containing thirty-six exposures from the United States army signal corps. He used the film in his camera to take pictures of various places such as battlefields, bombed areas and concentration camps. Having returned to the United States shortly thereafter, he deposited the roll of film with an agency of the defendant in Somerville to be developed. The defendant operated a photographic film development service. While in its possession the film was lost. An offer to replace the lost film with a new roll was not accepted. The plaintiff had intended to make albums containing the pictures obtained from the roll of film and to sell these albums to his comrades in the army at a price of $2.50 per copy, the estimated cost of which was fifty cents. A certain number of orders for the album had been received by the plaintiff. The judge found for the plaintiff in the sum of $250, the defendant having excepted to the refusal of the judge to rule as requested that "the plaintiff was not entitled to recover any damages." It is contended by the defendant that there is no evidence as to how many, if any, of the thirty-six exposures might have resulted in pictures after development.

We are of opinion that there is sufficient evidence to warrant a finding that pictures had been recorded on the film. The plaintiff "had previously obtained films from the same source and used them in the same camera. These films were developed overseas and when developed showed satisfactory pictures." To show the occurrence of an event ordinarily evidence of the inherent capacity and strong tendency of something to cause that event is evidence that the event did so result therefrom. See Wigmore on Evidence (3d ed.) § 446. The capacity of the plaintiff's camera when operated by the plaintiff to produce pictures on film "ob-

tained . . . from the same source" having been demonstrated, the probability of a like result in the present case was sufficiently strong to warrant a finding that the development of the film would have revealed pictures. *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, 250, 251. *Epstein* v. *Boston Housing Authority,* 317 Mass. 297, 301, and cases cited. See *Thomas* v. *Spinney,* 310 Mass. 749, 752; *Commissioner of Corporations & Taxation* v. *Bullard,* 313 Mass. 72, 89; *Lubell* v. *Turner,* 314 Mass. 245, 248; *Smith* v. *Rapid Transit Inc.* 317 Mass. 469; *Carter* v. *Yardley & Co. Ltd.* 319 Mass. 92, 95.

The ordinary measure of damages for the loss of property by a bailee, which property, as in this case, has no market value, is the actual value of the property to its owner. *Stickney* v. *Allen,* 10 Gray, 352 (stereotype plates). *Green* v. *Boston & Lowell Railroad,* 128 Mass. 221, 226 (portrait). This rule of damages is applied both in actions of tort for conversion and in actions of contract for failure to deliver property. In determining such value the cost of the property may be taken into account and the practicability and expense of replacing it. *Green* v. *Boston & Lowell Railroad (supra).* *Mather* v. *American Express Co.* 138 Mass. 55 (architect's plans). *Murray* v. *Postal Telegraph-Cable Co.* 210 Mass. 188, 196 (custom made gowns). *Woonsocket Machine & Press Co.* v. *New York, New Haven & Hartford Railroad,* 239 Mass. 211 (explosive shells). Sedgwick on Damages (9th ed.) § 250. As the plaintiff was entitled to recover at least the expense to him of replacing the roll of film there was no error in refusing to grant the requested ruling. *Tinkham* v. *Wind,* 319 Mass. 158, 160.

At the oral argument in this court, however, it was agreed by counsel that at the trial, when the request for the ruling was presented to the judge, both counsel and the judge understood that the ruling referred to the right of the plaintiff to recover special damages. Special damages are the damages sustained by a plaintiff beyond the mere loss of his property. *Stickney* v. *Allen,* 10 Gray, 352, 357. Here they

would consist in the loss of profits which would have accrued
to the plaintiff from the sale of albums containing the pictures. But we must deal with the case on the record as it
is presented to us. Statements of counsel as to the course
of proceedings at the trial made in briefs or in oral argument in this court are not to be considered in deciding the
case where not made the subject of an agreement of counsel
approved by the trial judge. *Moran* v. *Manning,* 306 Mass.
404, 408. *Trites* v. *Melrose,* 318 Mass. 378. *Comstock* v.
*Dewey,* 323 Mass. 583, 585. See *Gordon* v. *Guernsey,* 316
Mass. 106, 108. The excepting party "is bound to see that
the bill of exceptions includes all that is necessary to enable
us to decide whether the rulings, of which he complains,
were or were not erroneous." *Posell* v. *Herscovitz,* 237 Mass.
513, 517. The ruling before us refers to "any damages."
We must take the phrase in its ordinary sense in the absence
of anything in the record to warrant a different interpretation.

*Exceptions overruled.*