49 So.2d 779

**WHITE v. HENRY.**

**6 Div. 990.**

Supreme Court of Alabama.

Dec. 21, 1950.

Jas. B. Smiley, of Birmingham, for appellant.

Earl McBee and C. Eugene Fowler, of Birmingham, for appellee.

BROWN, Justice.

This is an action of assumpsit by the appellee against the appellant for failing to deliver two truck loads of household goods and other property at the designated place of delivery as provided in the contract between the plaintiff and the defendant, appellant here, and for damage to said property and loss of part thereof.

The case was submitted to the jury on counts 2, 4, 5 and 6 of the complaint and the plea of the general issue pleaded in short by consent. Some of said counts of the complaint aver that the defendant entered into a contract with plaintiff to transport said property from Orlando, Florida, to plaintiff's home eight miles north of Montgomery, where plaintiff's wife was waiting to receive same, for a cash consideration of $110.00 for the haulage and delivery.

There is a conflict in the evidence as to whether the amount paid in advance for the haulage and delivery was the full contract price. The plaintiff's testimony goes to show that it was, but the defendant testified that it was merely an advance payment and that the balance was to be paid upon delivery, said alleged balance being $200.00. The question presented by this conflicting evidence was for the jury.

Plaintiff's evidence goes to show that in the shipment was a number of rabbits kept for breeding purposes; a set of antique Haviland table china that had been in his family for over seventy-five years, that this china was practically destroyed. That this

shipment was to be delivered to the plaintiff's wife eight miles north of Montgomery on or before 1:30 o'clock A. M. on the 15th of February, 1945; that the trucks were late in reaching the destination and when they arrived the defendant claimed that there was a balance due for the shipment and refused to deliver same to plaintiff's wife. Defendant carried the property to Birmingham and stored it and kept it in storage for a week or more, refusing to deliver the same unless the claimed balance for haulage, the storage charges and taxes were paid. The plaintiff in order to get his property in its damaged condition paid the alleged claim and taxes under circumstances authorizing an inference that it was paid under protest. The goods in damaged condition were then carried to plaintiff's home and delivered. This suit is brought to recover the excess charges of $366.20 for transportation and storage and the damage to the goods delivered and the loss occasioned by negligence in handling and delay of delivery. The plaintiff's testimony as to the value of the articles lost and as to the amount of the damage is not disputed.

The first assignment of error argued is that the court erred in overruling the defendant's motion for a new trial. This will be treated later.

The second assignment of error is predicated on the refusal by the court of thirty requested written charges including the affirmative charge. As we have shown, the defendant was not due the affirmative charge. Therefore, appellant can take nothing by said assignment of error, which is predicated on this refusal of all thirty of said charges. Sovereign Camp, W. O. W. v. Waller, 232 Ala. 170, 167 So. 563; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

The only statement made in brief as to the ruling of the court on the demurrer to the complaint, the basis of assignment of error three, is "the court erred in overruling demurrer to counts 2, 4, 5 and 6 and also to count 4, as amended. This, however, would be tantamount to giving the affirmative charge in favor of defendant. This should have been done as pointed out in error No. 2." This statement is merely a repetition of the assignment of error and is not sufficient to invite consideration. Western Union Telegraph Co. v. Benson, 159 Ala. 254, 48 So. 712; 5 Mayfield's Digest, § 32, p. 32.

While there were some objections put to the witness identifying exhibits 2 and 3 and exceptions to the court's rulings thereon, such rulings were not assigned as error, nor was there any objection to the exhibits when offered in evidence. The only objection made to plaintiff's exhibit 4 was a general objection, assigning no ground. Such objection was unavailing upon which to predicate error. Sanders v. Knox, 57 Ala. 80, 81; Johnston v. Isley, 240 Ala. 217, 198 So. 348; Conway v. Robinson, 216 Ala. 495, 113 So. 531; Southern Ry. Co. v. Jordan, 192 Ala. 528, 68 So. 418.

One of the contentions of the defendant was that he did not make the contract for hauling plaintiff's property from Orlando, Florida, but that it was made by American Van Lines, Inc. Said exhibit 6 was offered to show that American Van Lines, Inc. had no certificate of convenience and necessity to haul goods from Orlando to its destination north of Montgomery on U. S. Highway 31. The defendant objected to the proffered evidence because it did not purport to cover the entire authority of the Van Lines and that it did not show that it was a certificate of convenience and necessity in force as of the date of the hauling, February, 1945. The certificate was dated March 22, 1943, and there was evidence offered going to show that all of said certificate was in force as of the date of the transaction involved. The said certificate of convenience and necessity showed that the Van Lines were without authority to make the haul of the property involved.

The argument made in support of said assignment of error in brief is: "The court erred in allowing exhibit No. 6 to be introduced into evidence over the objection of the defendant attempting to show the operating authority of American Van Lines, Inc., of Brooklyn, N. Y. At this point may I point out that this Exhibit, which is a certificate of Public Convenience and Necessity as issued to American Van Lines,

Inc., Brooklyn, N. Y., contradicts the Exhibit as shown on page 79 of the transcript because in that exhibit it shows American Van Lines, Inc., Chicago, Illinois, and you will note that the territory involved in these two exhibits are not the same but are of two different companies all together."

■ There is nothing in the evidence showing that the Van Lines operating out of Brooklyn, N. Y., was not the same corporation that operated out of Chicago. The objection was overruled without error.

■ The evidence is without dispute that the defendant did not have a certificate of convenience and necessity to engage in the business of transporting goods on the highways over which said haul was made. This fact, however, did not militate against the authority of the parties to make a contract based on a valuable consideration to have said goods transported on the one hand and to agree to transport them on the other.

In the motion for a new trial the appellant by grounds 7, 8, 9 and 10 raised the question that the verdict of the jury is excessive and that there is no competent testimony upon which to base the finding of the jury. The plaintiff testified to the amount paid by him as exacted by defendant in excess of what the plaintiff asserted was the agreed contract price and the question of whether or not the $110.00 paid was the full consideration for transporting the goods was a question for the jury. The plaintiff offered evidence showing that the excess paid was $366.20; that the value of the rabbits lost was $200.00, and that the value of the seven cement blocks lost was $105.00. There was evidence going to show that the antique table and china were broken to pieces and there was evidence going to show that the plaintiff and his wife were deprived of the use of the household goods for a week or more.

■ The general rule establishing market value as a measure of value of per-

sonal property is not absolute and the courts are agreed that the absence of a market value for property injured or destroyed will not remit the owner to nominal damages only. In such a situation the courts will consider such other relevant facts and circumstances as determine the amount necessary to compensate the plaintiff. However, it is to be observed that this rule does not relieve the plaintiff of his burden of offering evidence showing that he has been damaged and the extent or amount of his loss, since the court will not base an award upon mere speculation. Southern Express Co. v. Owens, 146 Ala. 412, 41 So. 752, 8 L.R.A.,N.S., 369; Kates Transfer & Warehouse Co. v. Klassen, 6 Ala.App. 301, 59 So. 355; Sarkesian v. Cedric Chase Photographic Laboratories, Inc., 324 Mass. 620, 87 N.E.2d 745, 12 A.L.R.2d 899, notes 906, 909.

The plaintiff, in the absence of evidence showing market value, may prove other factors of value such as the value of the property to him. Birmingham Ry. L. & P. Co. v. Hinton, 157 Ala. 630, 47 So. 576; Cooney v. Pullman Palace-Car Co., 121 Ala. 368, 21 So. 712, 53 L.R.A. 690; Buerger v. Mabry, 15 Ala.App. 241, 73 So. 135.

■ After full review of the evidence, we are of opinion that the verdict of the jury for $2,000.00 was excessive, and unless the appellee is content to file a remittitur with the Clerk of the Supreme Court within twenty (20) days from the date of the mandate of conditional affirmance with the Clerk of the Circuit Court of Jefferson County remitting $1,000.00 of said amount, the judgment of the circuit court will be reversed and the case remanded for new trial. If said remittitur is filed, the judgment will stand affirmed.

Affirmed conditionally.

All the Justices concur, except GARDNER, C. J., not sitting.