HARRY H. HARPEL & another *vs.* CHARLES C. CRAIG & another.

Suffolk.    December 4, 5, 1950. — March 19, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Trust,* Express trust: what constitutes. *Equity Pleading and Practice,* Stipulation, Appeal.

This court could not consider a stipulation as to certain facts made by the parties to a suit in equity at the argument in this court but not approved by the trial judge.

A promise made by a corporation for consideration to pay to a plaintiff one half of certain tax refunds if and when received by the corporation did not create any present trust in the plaintiff's favor in the claim of

the corporation for such refunds; and where, subsequent to the making of the promise, the corporation made an assignment for the benefit of creditors covering such claim, so that refunds later received belonged and were paid to the assignee, the corporation never acquired the specific fund on which a trust for the plaintiff could be impressed under the promise and the refunds in the hands of the assignee were free from any equitable interest of the plaintiff.

BILL IN EQUITY, filed in the Superior Court on September 8, 1949.

The suit was heard by *Fairhurst,* J.

*H. A. Simon,* for the plaintiffs.

*R. W. Meserve,* (*J. deValpine* with him,) for the defendants.

WILLIAMS, J. In this bill in equity the plaintiffs seek a declaration that the defendants hold a certain fund in trust or subject to an equitable lien for the benefit of the plaintiffs and ask for an accounting. It is alleged that on February 27, 1946, the plaintiffs entered into a contract with Harpel-Phillips Shoe Co., Inc., whereby in consideration of the transfer and delivery by the plaintiffs to the corporation of certain shares of its stock it agreed "inter alia" to pay to the plaintiffs, if and when received by it, "one half of amounts recovered from the United States of America on account of the overpayment of income and excess profits taxes assessed and collected for, and in respect to, the fiscal year ended December 31, 1945, and each fiscal year previous thereto, including any such overpayments attributable to the carry-back of any net operating loss and/or unused excess profits credit."

On July 30, 1948, the corporation made an assignment to the defendants for the benefit of creditors. Subsequent thereto the corporation recovered from the United States tax refunds which were forthwith transferred and delivered to the assignees, the defendants. These refunds constitute the alleged trust fund of which the plaintiffs ask that one half be paid over to them.

The plaintiffs have appealed from a final decree dismissing their bill without costs. There is no report of the evidence, but the judge has filed findings of material facts and "rulings." They appear in the record as follows:

"1. The written agreement of February 27, 1946, was a fair bargain, made in absolute good faith, at a time when the corporation was solvent, its assets large and liquid, with no intention to defraud existing or future creditors, and with no expectation that the corporation later might become insolvent.

"2. It was the intention of the parties to that agreement, as manifested by the language of the agreement itself (there being no other evidence of their intention), that *if ever* any amounts were recovered from the United States of America, and *whenever* such amounts were recovered, one half of such amounts was thereupon to be paid over by the corporation to the complainants [emphasis supplied by the trial judge].

"3. It was the intention of the parties, manifested as aforesaid, that one half of any amounts so received from the government should thereupon and forthwith constitute a specific and identified fund to be appropriated and used solely for the benefit of the complainants, and not to be mingled with general funds of the corporation or used for any other purpose.

"4. On July 30, 1948, the corporation, admittedly insolvent, made, in standard form, a voluntary assignment to the respondents for the benefit of its creditors, of all its property, real and personal (excepting only such as by the laws of the Commonwealth of Massachusetts is exempt from attachment), but without specific mention or identification of its claim against the United States of America. . . .

"6. The petitions for the tax refund were filed with the government long before the assignment for the benefit of creditors. . . .

"8. On or about June 28, 1949, the United States of America paid to the corporation the sum of $4,311.32, made up of $3,162.04 being an overpayment of income and excess profits tax assessed and collected by it for or in respect to the fiscal year ending December 31, 1943, and $1,149.28 with respect to the fiscal year ending December 31, 1944.

"9. The corporation forthwith turned over to the respondent trustees the full sum of $4,311.32.

"10. Thereafter the complainants made demand on the respondents for the payment to them of one half of the monies so paid the respondents, but the respondents have refused to pay. There is no evidence of the date of said demand, nor is there evidence that the said monies have been mingled with other funds or have otherwise lost their identity."

The following so called rulings appear to be findings of mixed law and fact. "I rule: 1. That no present existing trust was created by the contract of February 27, 1946, since (A) Neither the government chose in action itself, nor any part of it, was, or was intended to be, the subject matter of a trust, and (B) The subject matter of the alleged trust, namely, one half of monies which later might be recovered, was not then in existence, and hence incapable of being a present trust res. 2. The contract, at best, was an agreement to create a future trust."

In the absence of the evidence, the findings of material facts, not being mutually inconsistent, are accepted as true. *Kennedy* v. *Shain*, 288 Mass. 458, 459. *Macklin* v. *Macklin*, 315 Mass. 451, 452. The terms of the contract to which the judge refers are not reported. At the oral argument the parties agreed that the material portions of the contract are stated accurately and completely in the defendants' answer, but, under the usual rule, in the absence of the approval of the trial judge this agreement cannot be considered. *Sarkesian* v. *Cedric Chase Photographic Laboratories, Inc.* 324 Mass. 620, 622–623.

It appears that the plaintiffs contracted with Harpel-Phillips Shoe Co., Inc., to be paid for their shares of stock, which were transferred to the corporation, out of a specific fund which would come into existence if and when the corporation received a refund of taxes from the United States. No present trust was created in the chose in action of the corporation against the United States. Before the refund was received this chose in action had been assigned to the defendants under the corporation's assignment to them of all its assets for the benefit of creditors. It is not

disputed that the assignment of the chose in action was valid between the parties to it and one which the United States ordinarily would recognize. *Erwin* v. *United States,* 97 U. S. 392, 397. *Goodman* v. *Niblack,* 102 U. S. 556, 560–561. *Thayer* v. *Pressey,* 175 Mass. 225. See *Weiss* v. *Director General of Railroads,* 250 Mass. 12. When the refund was received it belonged to the assignees. The corporation, therefore, never acquired a fund on which under the terms of the contract a trust for the benefit of the plaintiffs could be impressed. The defendants now hold the amount of the refund free from any equitable interest in the plaintiffs. *Pratt* v. *Tuttle,* 136 Mass. 233, on which the plaintiffs rely, was a case where the defendant had actual title to a fund and the question was whether the fund was held subject to a trust. It is not an authority for the plaintiffs in the instant case where title to the fund in dispute never was in the alleged trustee. We find no error in the dismissal of the plaintiffs' bill.

*Decree affirmed with costs.*