78 So.2d 315

Doris **EVANS**

v.

**STATE.**

**7 Div. 295.**

Court of Appeals of Alabama.

Aug. 31, 1954.

Rehearing Denied Oct. 1, 1954.

46 

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

Wales W. Wallace, Jr., Columbiana, for appellant.

HARWOOD, Judge.

From her conviction in the County Court of Shelby County this appellant perfected an appeal to the circuit court.

In the circuit court trial was had upon a Solicitor's complaint containing two counts. The first count charged her with the sale of prohibited beverages, and the second count charged her with the possession of such beverages.

The jury returned a verdict finding her guilty under the second count and assessed a fine of $300. Judgment was entered accordingly. Appellant's motion for a new trial being overruled appeal was perfected to this court.

The evidence presented by the State tended to show that on the night of 2 July 1952, Deputy Sheriff C. H. Fore secreted himself near appellant's house. He observed several cars drive up to appellant's house, and

depart. Eventually he observed appellant's husband drive off. Shortly after this a car drew up in front of appellant's house and the driver blew the horn. The appellant emerged from the house and motioned the car toward a small road leading by the house. The car proceeded to this road and stopped and the dome light was turned on. The appellant proceeded toward the car, stopped at one point and bent over, then proceeded to the car. Here she handed six cans that appeared to be beer cans to the driver, who handed her something back.

A short time later appellant's husband returned and a dog discovered the officer and began barking.

A tub with 32 cans of beer was found in the vicinity of the point where appellant had stopped on her way to the car.

Appellant testified that the automobile about which the officer testified stopped at the spot near which the beer was found and the horn was sounded. She went there in response to the horn and some man inquired as to the whereabouts of her husband. She told this man her husband would return in thirty or so minutes. The appellant denied any knowledge of the beer.

Appellant's husband claimed ownership of the beer for personal use and not for sale. He further testified that the beer when found was not on land owned or controlled by him.

■ The State's evidence tended amply to establish the appellant's possession and control of the beer, and her guilty scienter. The court therefore properly refused her requested affirmative charge.

Counsel for appellant contends that the lower court erred in refusing appellant's motion for a new trial on two grounds.

The first is that in examining the jury panel they were asked by counsel for appellant whether any of them were now or ever had been a "police officer, peace officer, or a law enforcement officer of any kind." None of the jurors answered this question affirmatively, whereas appellant alleged one of the jurors had been a law enforcement officer.

In connection with this ground two affidavits by the juror, L. O. Brown, were offered, one by the appellant, and one by the State.

In his affidavit which was introduced by the State, Brown deposed that he was employed by the I. E. DuPont Company in 1941 at the Alabama Ordinance Works at Childersburg. In 1942, or the early part of 1943, he was assigned to work as a guard or patrolman at the plant and was so employed for about two and a half years. Soon after he began work as a guard the plant came under the supervision of the army and he was called an Auxiliary Military Policeman. The DuPont Company paid his wages by check drawn on the company, and during his employment he wore a uniform furnished by the company. Continuing, the affidavit of Mr. Brown states:

"My duties as such guard were that of plant protection. I was charged with the strict enforcement of various safety and security regulations inside the grounds occupied by the Alabama Ordinance Works and in areas of close proximity thereto. The Alabama Ordinance Works manufactured military explosives and the regulations which it was my duty to enforce were designed primarily for the protection of the plant itself and the personnel who were employed there. I was authorized to make arrest for violations of any of these rules or regulations.

"I have never been elected or employed in any way to enforce the public laws unless the facts set forth in the above statement are so construed."

In the affidavit introduced by the appellant Mr. Brown deposes:

"That he made an affidavit in connection with the case of State v. Doris Evans on the 8th day of September, 1953 before L. C. Walker, Judge of Probate Shelby County, Alabama. Further deposing, he says that in addition to the duties which are outlined in such affidavit, he had orders at all times while he was employed at the Alabama Ordinance Works, he had orders to

strictly enforce the Prohibition Laws of the State of Alabama and had instructions to apprehend any persons found in possession of prohibitive beverages or under the influence of prohibitive beverages and take them to Patrol Headquarters where they were turned over to the Chief, or Lieutenant, Captain or Sergeant in charge. A hearing would be held for this violation by the Captain, Lieutenant or Chief and he would appear as a witness to tell of the violation."

While we are not clear as to just how Mr. Brown should be denominated during his service as a guard we are clear that under his affidavits he was not a police officer, peace officer, or law enforcement officer as those terms are commonly understood. He was employed primarily as a plant guard by a private concern. He was not elected or appointed as a public officer and was not charged with enforcement of the public laws to any greater extent than all citizens are charged. His employment was not backed by any sovereign power.

While he states that he had instructions to enforce the prohibition laws, it appears that violators were to be turned over to the "Chief, Lieutenant, Captain, or Sergeant" and a hearing would be held and he would appear as a witness. Clearly such hearing could pertain only to the violators continued employment since none of the named officials possessed any judicial powers.

■ The ambiguity surrounding Mr. Brown's true status fully justified the court's denial of the motion for a new trial on this asserted ground.

■ The other ground of the motion for a new trial urged by counsel as a basis of error because of the refusal of the motion related to the action of the jury in carrying with them to the jury room the appeal bond executed by the appellant in perfecting her appeal to the circuit court.

The only evidence offered in support of this ground in an affidavit by appellant's counsel to the effect that: "The bailiff took to the jury room the appeal bond made by the defendant when she was convicted in the County Court and that such appeal bond was in the possession of the jury during their deliberation in this cause."

We think it a fair conclusion that appellant does not claim that the appeal bond was taken to the jury room through any improper act on the part of the representatives of the State, but rather through ignorance or inadvertence. This being so, the proposition is clearly within the influence of Faust v. Miller, 260 Ala. 665, 72 So.2d 294, 295, wherein Justice Simpson, considering an almost identical point to the one now before us, wrote:

"To justify the court in acting favorably on such a ground in the motion for new trial, 'there must at least be some evidence that the act complained of had probably exerted some influence in obtaining the verdict.' Clay v. City Council of Montgomery, 102 Ala. 297, 301, 14 So. 646, 647, Stone, C. J.

"The following cases, in addition to those cited above, bear analogy and sustain the trial court in refusing to grant the new trial. Louisville & N. R. Co. v. Sides, 129 Ala. 399, 29 So. 798; Leith v. State, 206 Ala. 439, 90 So. 687; Dulaney v. Burns, 218 Ala. 493, 119 So. 21; Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So. 237; Kates Transfer & Warehouse Co. v. Klassen, 6 Ala.App. 301, 59 So. 355."

Counsel for appellant argues that since the amount of the appeal bond and the fine assessed by the jury were in the same amount that "the significance is apparent." In the absence of some showing that the jurors read and were influenced by the bond we cannot accord to this insistence.

Affirmed.

On Application for Rehearing.

In her application for rehearing counsel for appellant requests that in the event said application is not granted that we set forth the appeal bond executed upon appellant's appeal to the Circuit Court of Shelby County, being the bond taken by the jury to the jury room.

This bond is in the amount of $300, and was approved by Honorable L. C. Walker, Judge of the County Court of Shelby County. The material portions of the bond are as follows:

"The Condition of the Above Obligation is Such, That whereas, the above bounden Doris Evans was, on the 4th day of ......, 19.., convicted in the County Court of said County, of the offense of Violating the prohibition law and by the judgment of said Court sentenced to ......................

"And, whereas, the said Doris Evans has this day prayed an appeal from said judgment to the Circuit Court of said County:

"Now, if the said Doris Evans shall appear at the next term of the Circuit Court, and from term to term thereafter until discharged, and abide by and perform whatever sentence may be adjudged in said Court against him then the above obligation to be void; otherwise to remain in full force and effect; and each of us waive our exemption as to personal property."

Application denied.