# Oliver v. Herron.

### Action of Ejectment.

1. *Juror and jury; objection to competency waived.*—Where in a trial of a civil action one of the parties, who knows of the incompetency of one or more of the jurors, proceeds with the trial without objection thereto, his failure to object operates as a conclusive waiver of the objection, and the incompetency of the juror can not be made a ground for granting a new trial.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

This was a common law action of ejectment, brought by the appellee against the appellants. Upon a verdict being returned for the plaintiff and a judgment rendered thereon, the defendants moved for a new trial. This motion was overruled, to which ruling of the court the defendants duly excepted.

The present appeal is prosecuted from the judgment of the trial court overruling the motion for a new trial, and this ruling constitutes the only assignment of error.

W. P. GADDIS, for appellants.

W. A. GUNTER and J. H. JUDKINS contra.—1. It nowhere appears in the bill of exceptions that all the evidence is set out. This is a fatal objection to any reversal of the judgment of a primary court on any question of fact. *Sheffield & Birmingham C., I. & R. Co. v. Gordon*, 151 U. S. 285 ; *Allen v. Draper*, 98 Ala. 590 ; *Mobile v. Murphree*, 96 Ala. 141.

[Oliver v. Herron.]

2. The affidavits of the plaintiff show that the counsel of defendant had his attention called to the condition of the juror during the trial, and he said "that is all right," and refused to take any steps to get rid of him; and the affidavit of Mr. Bulger shows that he was fully informed of the condition of the juror before any verdict was rendered, and that after the verdict he polled the jury. He thus speculated on the chance of a verdict or disagreement, intead of moving instantly. The courts never tolerate such a practice.—*Hoskins v. Hight*, 95 Ala. 284; *James v. State*, 53 Ala. 380; Thompson on Trials, §§ 113, 114 and notes.

COLEMAN, J.—The appeal is prosecuted from the judgment of the trial court overruling a motion for a new trial. This is the only assignment of error. The bill of exceptions does not purport to set out all, or substantially all the evidence, before the court at the hearing of the motion, and for this reason, if there were no other, we would be compelled to affirm the judgment. We are of opinion, however, that upon the showing made, as contained in the record, the court did not err. The only ground for the motion, worthy of consideration, is, that one of the jurors, who tried the case, was *non compos*, and that movants have not had a jury trial as guaranteed by the constitution. We will not undertake to consider the conflicting testimony on this point. It is enough to say that movants by *legal testimony*, have not clearly shown the incompetency of the juror during the trial, whatever may have been his subsequent condition. We rest our conclusion upon another principle. The right of jury trial is a personal right of which no person can be deprived against his will, but there is neither constitutional nor statutory provision which prohibits him from waiving his constitutional privilege in civil actions. Movants had personal notice of the condition of the juror during the trial. If they intended to raise an objection to his competency or qualifications, it was their bounden duty to have done so at the time. Having concluded the case, in the face of such notice, and taken the chances of a verdict in their favor, they will be conclusively held to have waived the objection to the juror.

Affirmed.