# Sowell v. Bank of Brewton.

*Action on Promissory Note by Assignee Against Makers.*

1. *Subscribing witnesses; proof by one sufficient.*—It is now the settled doctrine as to deeds or other instruments, operating *inter vivos,* requiring the attestation of witnesses, to call one of the subscribing witnesses, though the other may be attainable,

and, if he proves execution, to admit the instrument in evidence.

2. *Agent as attesting witness.*—An agent or attorney who represents the payee in the execution and assignment of a promissory note, is a competent attesting witness thereto.

3. *Secondary evidence; when objection made.*—An objection to evidence taken by deposition on the ground that it is secondary, should be made at the earliest opportunity; such an objection *sprung on the trial,* when the deposition is being read in evidence, comes too late.

4. *New trial; relationship of juror.*—The verdict of a jury will not be set aside, and a new trial granted because of the relationship of one of the jurors to the opposite party, unless it is shown affirmatively that the disqualification was unknown to the party moving for a new trial and his counsel when the juror was accepted.

APPEAL from Escambia Circuit Court.

Tried before Hon. J. R. TYSON.

The Bank of Brewton brought suit against D. S. Sowell, J. F. McDavid, F. L. McCawley, and G. W. Emmons, on a promissory note for $40.00 of date September 26, 1896, purporting to be signed by defendants, payable to the order of J. C. Emley, and indorsed as follows: "Pay to the order of Bank of Brewton, without recourse. J. C. Emley. By W. J. Jenkins, Atty." The note was witnessed by T. J. Donald and W. J. Jenkins. The defendants interposed a plea of *non est factum.* The plaintiff introduced in evidence the deposition of W. J. Jenkins, who testified, among other things, that he was a general agent in the employ of J. C. Emley in the sale of Fletcher Emley's patent fence, that as such agent he had authority to take notes, and to endorse same. That the note in suit was given by defendants in the course of his business, was executed in his presence, and was witnessed by himself and T. J. Donald. That witness endorsed said note as appears on back thereof. In answer to the 4th cross-interrogatory, witness said his power of attorney from J. C. Emley was in writing. Defendants filed with their cross-interrogatories objections to the testimony of Jenkins, viz: Because he is incompetent, being a party in interest to the note; and because said Donald had not been called and no predicate had

been laid showing sufficient cause for not so doing. The objections were renewed on the trial, and overruled by the court. Defendants excepted. While the deposition of said Jenkins was being read in evidence the defendants objected as soon as it appeared by the answer of the witness that his power of attorney from J. C. Emley was in writing and not attached to the deposition, and moved the court to rule out all the testimony relating to such power of attorney, because it was secondary and no predicate laid therefor. The court overruled the objection, and defendants excepted. There was judgment for plaintiff. Defendants made a motion for a new trial on the ground, among others, that one of the jurors, W. H. Strong, trying said cause was related, as a brother-in-law, to one of the stockholders in plaintiff bank. The evidence touching the question is sufficiently stated in the opinion. The court overruled the motion. Defendants excepted. The several rulings of the court above set out are assigned as error.

Dorison & Smith, for appellants.—Witness Jenkins stood in the shoes of Emley, was a party in interest, such as would disqualify him as an attesting witness. 3 Brick., p. 440, §§517, 518; *Ellison v. State,* 69 Ala. 1; 1 Greenleaf on Ev. 569; 3 Am. & Eng. Encyc. of Law, (2d ed.), 274, note 1; *Coleman v. State,* 79 Ala. 50. That the objection to the evidence as secondary did not come too late; see *Goodlett v. Kelly,* 74 Ala. 21; *Fert. Co. v. Holland,* 107 Ala. 412; 62 Ala. 537; *M. & C. R. R. Co. v. Maples,* 63 Ala. 601.

Rabb & Leigh, and Norvelle R. Leigh, Jr., *contra.* It was sufficient to introduce one of the subscribing witnesses to the notes. The objection to certain testimony as secondary came too late.—*McCrary v. Turk,* 29 Ala. 244; *M. & C. R. R. Co. v. Maples,* 65 Ala. 607; *Moore v. Robinson,* 62 Ala. 537; *E. T., V. & G. R. R. Co. v. Turleyville,* 97 Ala. 122; *A. G. S. R. R. Co. v. Baily,* 112 Ala. 167.

BRICKELL, C. J.—1. The objections taken in varied forms to the examination of Jenkins, one of the subscribing witnesses to the note, to prove its execution, without first calling, or accounting for the absence of

[Sowell v. Bank of Brewton.]

the other subscribing witness, were properly overruled.
It is now the settled doctrine as to deeds or other instru-
ments operating *inter vivos,* requiring the attestation of
witnesses, to call one of the subscribing witnesses,
though the other may be attainable, and if he proves ex-
ecution, to admit the instrument in evidence.—1 Greenl.
Ev., §569; 1 Whart. Ev., §729; *Melcher v. Flanders,* 40
N. H. 157. Nor is there any force in the contention that
Jenkins had any such relation to the note as disquali-
fied him from attesting its execution. It may be, that a
party to an instrument is not a competent attesting wit-
ness; and that his attestation is a nullity, rendering nec-
essary the calling, or accounting for the absence of an-
other attesting witness, if there be one, to prove due
execution. But Jenkins was not a party to the note—it
was payable to Emley, and in Emley's name, by Jenkins,
as agent, was indorsed to the plaintiff. It is one thing
to say that a party to an instrument is not competent to
attest its execution, and quite another to say that his
agent or attorney is also incompetent. The mere rela-
tion of agency did not disqualify the agent as a witness
for or against the principal at common law, unless he
had a certain direct and immediate interest in the event
of the suit, or the record of the judgment would be evi-
dence for or against him in a subsequent suit with the
principal.—*Bean v. Pearsall,* 12 Ala. 592; *Governor v.
Gee,* 19 Ala. 199. The statute (Code, 1896, §1794), hav-
ing removed the common law disqualifications of wit-
nesses, it would be going very far to pass beyond them
and hold an agent or an attorney an incompetent attest-
ing witness, contravening a very usual course in the
transaction of business.

2. An objection that evidence is secondary, primary
or better evidence of the fact proposed to be proved ex-
isting, belongs to that class of objections which ought
to be made at the earliest opportunity. Such objections
are distinguishable from objection directed against the
relevancy or legality of evidence, it is the duty of the
court, on motion, to exclude at any stage of the proceed-
ings, because its infirmities are not capable of being re-
moved.—*McCreary v. Turk,* 29 Ala. 244; *Whilden v. M.
& P. Bank,* 64 Ala. 31; 1 Brick. Dig. 887, §§1190-97. The
reason is, that otherwise many inconveniences may
arise to the delay of causes and to the injury of parties.

Speaking of an objection, that an answer of a witness testifying by deposition was not responsive to the interrogatories, in *McCreary v. Turk, supra,* it was said, that if the objection had been made before entering on the trial it could have been removed without hazard or injury to either party. And, further: "Looking at the results which would necessarily attend a practice which would encourage and sustain such objections, when made for the first time on the trial, after an earlier opportunity had been afforded for making them; and bearing in mind that all the rules of evidence are adopted for practical purposes in the administration of justice, and ought to be so applied as to promote the ends for which they were designed, we hold that such objections are waived, if not made before the trial begins; unless, when made for the first time on the trial, they are accompanied by proof from the party making them that he had no opportunity to make them at an earlier period." On the cross-examination of Jenkins (his testimony having been taken by deposition), he stated that the power of attorney given him by Emley was in writing, having previously testified to the nature and extent of his authority. If he had been examined orally, in open court, the objection that his testimony was secondary not primary —that the power of attorney was the higher evidence— must have been taken at the time the evidence was given, and the failure then to object, would have been a waiver of its inferiority. The cases are numerous in which parties have been concluded by secondary evidence not objected to in due time.—I Brick. Dig. 848, §635. The defendants suffered the plaintiff to enter on the trial relying on this evidence, having opportunity to object to its admissibility, but raised no objection until the deposition was being read. We hold that the objection came too late—that it could not be *sprung on the trial,* to the delay of the cause or at the hazard of greater injury to the plaintiff.

3. If there be any merit in the motion for a new trial, it is contained in the ground that Strong was disqualified as a juror, because he was the brother-in-law of one of the shareholders of the plaintiff bank. If it be conceded that the relationship disqualified the juror (a question we need not decide), it is apparent, we are of the opinion, that it was known to one of the counsel of

the defendants when the juror was accepted, though it may have escaped his memory. The verdict of a jury will not be set aside, and a new trial granted, unless it be shown affirmatively that the disqualification was unknown to the party moving for the new trial and his counsel, when the juror was accepted.—*Rollins v. Ames,* 9 Am. Dec. 79, and note; *Cannon v. Bullock,* 26 Ga. 431; Hilliard on New Trials, 181; 2 Graham & Waterman on New Trials, 474.

We find no error in the record, and the judgment must be affirmed.