# Alabama Lumber Company *v.* Cross.

*Assumpsit.*

(Decided July 2, 1907.  44 South. 563.)

1. *Appeal; Harmless Error.*—Where the same thing was shown by statements sent to and received by defendant of the lumber sold and shipped to him, it was harmless error to admit books of account without preliminary evidence as to the entry being original and known to be correct.

2. *Witnesses; Examination; Question Assuming Facts.*—It not appearing that the district inquired about embraced the place where the lumber was sold and delivered, objection was properly sustained to a question, "What was the custom in this district as to where lumber was to be measured by wholesale dealers?"

3. *New Trial; Intoxication of Juror.*—To entitle one to a new trial because of the intoxication of a juror trying the case, a showing must be made that the drinking probably improperly influenced the juror and that the party making the motion was not aware of the misconduct of the juror before the verdict.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

[Alabama Lumber Co. v. Cross.]

Assumpsit by Z. Cross against the Alabama Lumber Company for the price of lumber sold and delivered, the action being in the common count. There was judgment for plaintiff and defendant appeals. Affirmed.

M. L. WARD, for appellant. The fact that the statements were admitted did not cure the error in the admission of the books of the account without the proper preliminary proof as the contention of the parties were that the statements were wrong from the beginning.—*Hart v. Kendall,* 82 Ala. 144; *Lane v. May Thomas Hdw. Co.,* 121 Ala. 296. Counsel discusses other assignments of error but cites no authority.

PINKNEY SCOTT, for appellee. Counsel discusses assignments of error but cites no authority thereunder, except as to when a person may be said to be drunk, and on that point he cites the following.—*Roden v. The State,* 136 Ala.; *State v. Robinson,* 111 Ala. 482; *State v. Savage,* 89 Ala. 1; *Wadsworth v. Dunn,* 98 Ala. 612; *Standard L. & A. I. Co. Jones,* 94 Ala. 410.

DENSON, J.—Assumpsit to recover on an account for lumber sold and delivered by plaintiff to the defendant. It does not appear from the evidence of the witness Benton that the items reported to him by the teamsters were original entries. Neither did it appear, at the time the book was offered as evidence, that the witness Benton knew that the entries were correct at the time they were made. In this state of the evidence the court erred in admitting the book in evidence.—*Bolling v. Fannin,* 97 Ala. 621, 12 South. 59; *Lane v. May & Thomas Hardware Co.,* 121 Ala. 296, 25 South. 809; *Baird Lumber Co. v. Devlin,* 124 Ala. 245, 27 South. 425; *Callaway & Truitt v. Gay,* 143 Ala. 524, 39 South. 277, and authorities there cited.

But the point is made that this error should not work a reversal of the cause, as it affirmatively appears by the record that after the book was admitted the witness Benton, without objection, testified as follows: "I mailed defendant a statement showing the amount of lumber, and an additional statement thereof shipped in each car, and I kept a copy of the same;" and it affirmtively appears that the witness then produced a copy of the statements of about 20 cars of lumber shipped to the defendant and the bill of exceptions recites that defendant (in the same connection) produced the statements of cars of lumber which were introduced as evidence and were correct "in comparison" with plaintiff's books, as above shown. At the foot of each of the statements is a summing of the total of each kind of lumber and of the total amount due by the statement. It is thus made to appear that the statements were received by the defendant. They were produced by him on the trial, and it is shown that they showed what was disclosed by the books—nothing more. The statements were competent evidence.— *Hirschfelder v. Levy & Company,* 69 Ala. 351; *Rice v. Schloss & Kahn,* 90 Ala. 416, 7 South. 802. In this state of the evidence, we think it is affirmatively shown that the defendant suffered no injury by the books being allowed in evidence.

While the defendant was being examined as a witness, he was asked by his counsel this question: "What was the custom in this district as to where lumber was to be measured by wholesale dealers?" The court sustained an objection to the question. This ruling may be justified on two or more propositions; but we will rest its justification on the ground that it does not appear that the district embraced the place where the goods were sold and delivered, and, if not, the question was subject to the specific objections made.

Motion for a new trial was made by the defendant, and overruled by the court. Error is insisted with respect to only one ground in the motion; that is, that "one of the jurors was in such state of intoxication at the time of the final consideration of said cause that he could not properly consider said cause." It is reprehensible conduct on the part of a juror to indulge in the use of intoxicating liquors during the trial of a cause, and such indulgence should subject the juror to punishment by the court for contempt. "But the courts generally have adopted the rule that the fact that a member of a jury did, during the trial of a cause or while deliberating on their verdict, drink intoxicating liquors, will not be ground for a new trial, unless there is some reason to suppose that such liquors were drunk at such time or in such quantities as to unfit the juror for the performance of his duties, or unless they were furnished by the party in whose favor the verdict was afterwards rendered, or at least unless the circumstances were such as to create a reasonable belief that the drinking may have improperly influenced the verdict."—2 Thompson on Trials, §§ 2566, 2567; see authorities collated in notes 1, 2, 3 and 4, § 2566. This seems to be a safe and sound rule. Under it we cannot say that the court erred in overruling the motion for a new trial. We think, too, that where motions for new trials are predicated on grounds like the one under consideration, the party complaining should affirmatively show that he was not aware of the misconduct or disqualification of the juror before the verdict was rendered.—*Oliver v. Herron,* 106 Ala. 639, 17 South. 387; *Sowell v. Bank of Brewton,* 119 Ala. 92, 24 South. 585.

We have found no reversible error in the record, and the judgment of the circuit court will be affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.