# Craig & Co. *v.* Pierson Lumber Co.

### *Assumpsit.*

(Decided Nov. 15, 1910.    Rehearing denied Dec. 22, 1910.
53 South. 803.)

1. *Appeal and Error; Assignment of Error.*—An assignment "the court erred in overruling defendant's demurrers to amended replication, filed June 4, 1907.    Record pages 21, 22" is too general and does not comply with Supreme Court Rule 1.

2. *Same; Assignment in Bulk.*—Where the assignment of error is to overruling of demurrers to several replications, each having been demurred to separately, the assignment is not sustained if any one of the replications were good as against the demurrer directed at it.

3. *Pleading; Construction as a Whole.*—Where a replication alleged that a new contract was made for defendant by C., the failure to aver C.'s authority to make the contract does not render the replication bad, where it also alleges that the contract was made by the defendant.

4. *New Trial; Misconduct of Party.*—Where a party invited and took to dinner a juror engaged in the trial of the case, after the conclusion of the evidence and before argument, such action was misconduct authorizing and requiring the granting of a new trial; and the right to object to the misconduct is not waived though known, although not brought to the court's attention and urged until after verdict.

5. *Charge of Court; Misleading Instructions.*—Where instructions given are not erroneous, but are merely misleading, the duty is on the adversary party to request instructions explanatory thereof.

6. *Sales; Price; Abatement for Damages.*—Where the defendant extended the time for the performance by plaintiff of his contract to a certain date, and purchased no lumber to take the place of that,

[Craig & Co. v. Pierson Lumber Co.]

the plaintiff had contracted to furnish, and on the date to which the extension was made, the market price did not exceed the contract price, the plaintiff was entitled to recover, without any abatement for damages, the price of the lumber sold and delivered, although plaintiff failed to deliver all that it contracted to deliver.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Action by the Pierson Lumber Company against George F. Craig & Co. for the purchase price of lumber. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The defense interposed was that the plaintiff failed to deliver a large part of the lumber it contracted to deliver, and that it was necessary for the appellants from time to time to go into the market and buy as reasonably as possible such lumber as the appellee failed to deliver; that the lumber was higher on the market for the same grade than the contract price; and appellants seek to recoup their damages thus sustained. The third replication, referred to, alleges that a new contract was made for defendants by one Crossland, but fails to allege that Crossland had the authority to bind the defendants in that respect, or that in making such contract he was acting within the line or scope of his powers or duties as a servant or agent of the defendants, with the further allegation that the contract was made by the defendants. The facts as to the misconduct of the juror sufficiently appear in the opinion of the court.

The charge referred to as given for the plaintiff is as follows: "(6) I charge you, gentlemen of the jury, if you believe from the evidence that the defendants extended the time of plaintiff's performance of contract until March 8, 1906, as is alleged in the sixth plea, and you further believe from the evidence that after March 8, 1906, the defendants purchased no lumber to take the place of that plaintiff contracted to furnish, and you

further find from the evidence that on March 8, 1906, the market price of the lumber plaintiff contracted to furnish was not in excess of the contract price, you must find for the plaintiff." The other charges are of like tenor and effect. ·

WEBB & McALPINE, for appellant. The misconduct or irregularity was such as that a new trial should have been granted.—17 A. & E. Enc. of Law, 1204 and 1235; 12 Ill. App. 531; 45 Fed. 542. There was no waiver of the right to complain of the misconduct because attention was not called to it until after the verdict.—*Douglass v. Burns*, 63 Fed. 16; *Pratt's Case*, 8 0Fed. 195. Counsel discuss other assignments of error, but without citation of authority.

INGE & ARMBRECHT, for appellee. The 1st assignment of error is waived and the 2nd is too general.— Rule 1, Sup. Ct.; *Ashford v. Ashford*, 136 Ala. 640; *Claflin & Co. v. Rosenburg*, 101 Ala. 218; *Williams v. Coosa M. Co.*, 138 Ala. 672; *Nat. F. Co. v. Holland*, 107 Ala. 417. If any of the replications were good a reversal will not follow.—*A. G. S. v. Clark*, 145 Ala. 466; *W. Ry. v. Arnett*, 137 Ala. 425. It should affirmatively appear that the defendant was not aware of the misconduct complained of before the verdict was rendered or he will be held to have waived it.—*Ala. L. Co. v. Cross*, 44 So. 563; *Oliver v. Herrin*, 106 Ala. 639; *Sowell v. Bank*, 119 Ala. 93; *L. & N. R. R. Co. v. Sullivan T. Co.*, 126 Ala. 95. It was not such misconduct as would authorize setting aside the verdict.—57 Fed. 898; 36 Ga. 232; 5 Atl. 69; Ib. 262; 66 How. Pr. 302; 64 Hun. 262; 31 N. Y. Supp. 871; 22 Pac. 590; 139 Mass. 41; 87 Va. 130. Counsel cite numerous other authorities taken from the American Digest. Counsel discuss the charges given and refused, but without citation of authority.

DOWDELL, C. J.—The first assignment of error is not insisted on, but is expressly waived in brief of counsel for appellants.

The second assignment is as follows: "The court erred in overruling defendant's demurrer to amended replication, filed June 14, 1907.—Record, pages 21, 22." There were several amended replications, and separate demurrers to each. That the second assignment of error does not comply with rule 1 of Supreme Court practice (20 South. iv), and is too general to merit consideration at our hands, we need only cite the following authorities to show: *Ashford, et al. v. Ashford, et al.,* 136 Ala. 640, 34 South. 10, 96 Am. St. Rep. 82; *Williams v. Coosa Man. Co.,* 138 Ala. 673, 33 South. 1015; *National Fertilizer Co. v. Holland,* 107 Ala. 417, 18 South. 170, 54 Am. St. Rep. 101; *H. B. Claflin Co. v. Rodenberg,* 101 Ala. 218, 13 South. 272.

Moreover, if any one of the replications was good as against the demurrer directed to it, a reversal will not be had, where the assignment of error, as here, is general, even if it should be determined that the demurrers to some of the replications were well taken.—*Western Ry. of Ala. v. Arnett,* 137 Ala. 425, 34 South. 997; *Ala. Gt. So. R. Co. v. Clarke,* 145 Ala. 466, 39 South. 816.

The only ground of demurrer to the third amended replication, insisted on in argument and brief of counsel for appellant, is that the replication fails to aver the agent's authority to make the alleged contract. The replication avers that the contract was made by the *defendant*. The ground of demurrer insisted on was, therefore, not well taken.

The main question in this case arises out of the action of the trial court in denying the motion for a new trial. The principal ground of the motion was the alleged improper conduct of J. O. Acree, one of the parties to the

suit. It was not denied on the hearing of the motion that after the evidence in the case was concluded, and the court had recessed for dinner, before hearing the argument, Acree invited one of the jurors trying the case to dine with him at a certain hotel, which invitation was accepted, and that Acree paid for the juror's dinner. "Misconduct or irregularity on the part of the jurors, if not induced by the prevailing party, will not ordinarily be ground for setting aside the verdict, unless it was calculated to prejudice the unsuccessful party. When, however, the misconduct is due directly to an improper act by the prevailing party, the verdict will be set aside without reference to the question of resulting injury."—17 Am. & Eng. Ency. Law (2d Ed.) p. 1204. "It is the general rule that a new trial will be granted if jurors are entertained during the trial by the party in whose favor a verdict is rendered. So it has been held ground for a new trial that the prevailing party furnished jurors with cigars or intoxicating liquors."—Id. p. 1235.

Aside from protecting the rights of parties, in the fair and impartial administration of justice, respect for the courts calls for their condemnation of any improper conduct, however slight, on the part of a juror, of a party, or of any other person, calculated to influence the jury in returning a verdict. So delicate are the balances in weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. Not only the evil, in such cases, but the appearances of evil, if possible, should be avoided.

The learned judge who tried the case below, in overruling the motion for a new trial, evidently proceeded on the theory that the defendants waived their right of objection in failing to bring the matter to the attention of the court at their first opportunity after knowledge

[Craig & Co. v. Pierson Lumber Co.]

acquired by them or their attorney of the alleged misconduct of the said Acree. Here the knowledge was acquired during the recess period of the court for dinner or lunch, and on the reconvening of the court, without objection made, the argument of the case proceeded, and the charge of the court to the jury was given, and the jury permitted to retire to make a verdict, and not until a motion for a new trial was the alleged misconduct made known to the court.

The general rule is that, in the impaneling of a jury, matter going to the disqualification of a juror, if within the knowledge of a party or his attorney, should be taken on objection at the time the juror is put upon him for acceptance or rejection; and a failure to so object is accounted a waiver on his part of the objection. But this rule does not and should not apply in case of misconduct on the part of a juror, arising after his acceptance as such and a trial entered upon. In the present case the alleged misconduct was that of a party, and the remedy of the injured party was by a motion to set aside the verdict and for a new trial. It is true he might have brought the matter to the attention of the court before proceeding further with the trial, but his failure to do so ought not to deprive him of his remedy on a motion for a new trial. It does not lie in the mouth of the party guilty of the misconduct to object on the ground of speculating on the verdict of the jury, since his own misconduct produced the conditions. To require a party to make his objection pending the trial might still further prejudice him, especially if it should happen that he was mistaken in making the charge, though ever so honest.

We are of opinion that the motion for a new trial should have been granted, and that the court erred in refusing it.

On the facts hypothesized, we think the giving of charge 6, at the request of the plaintiff, was free from error. The same may be said as to other charges given at the instance of the plaintiff. If either of them was misleading, then the defendant might have met this by asking a countercharge.

For the error of overruling the motion for a new trial, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur.