(79 South. 271)

PENNEY v. GRANT.   (6 Div. 205.)

(Court of Appeals of Alabama.   May 7, 1918.)

1. TRIAL ⊂⟩240—ARGUMENTATIVE INSTRUCTIONS.

Requested instruction that the jury "may look to" certain facts, if facts, in determining what weight they will attach to plaintiff's books and accounts in evidence, is argumentative.

2. TRIAL ⊂⟩244(2) — INSTRUCTIONS — UNDUE PROMINENCE TO FACT.

Requested instruction that the jury may look to a certain fact, if it be a fact, gives undue prominence to a particular fact.

3. PAYMENT ⊂⟩76(2)—QUESTION FOR JURY—APPLICATION OF PAYMENT—PRESUMPTION.

While in the absence of testimony by plaintiff, in action on account, the presumption would be that canceled checks and drafts introduced by defendant were paid on the account, plaintiff's testimony that they were for cash items not entering into the account made it a question for jury.

4. TRIAL ⊂⟩143—AFFIRMATIVE CHARGE.

The evidence being in conflict, the general affirmative charge is properly refused.

5. PAYMENT ⊂⟩76(5) — RECEIPT — MISTAKE —QUESTION FOR JURY.

Statement signed by plaintiff that therein is a list of credits to which defendant is entitled being at most a receipt, which Code 1907, § 3973, provides shall have effect according to intent of parties, testimony of plaintiff that he did not receive certain of the recited items makes it a question for the jury whether it was given under a mistake of fact, for which a receipt may be avoided.

6. TRIAL ⊂⟩253(8) — INSTRUCTIONS — IGNORING EVIDENCE.

Defendant's requested charge in action on account that it was plaintiff's duty to allow defendant credit for every amount paid by or for him is bad; there being evidence of other transactions between them involving payments.

7. NEW TRIAL ⊂⟩55—NECESSITY OF OBJECTION AT TRIAL.

Defendant may not have new trial for misconduct of plaintiff with the jury during trial, known of by defendant at the time, but not called to the court's attention till after verdict.

8. APPEAL AND ERROR ⊂⟩1015(2)—REVIEW—DENIAL OF NEW TRIAL.

Denial of new trial, involving finding on conflicting evidence against asserted misconduct of party, cannot be disturbed.

9. EVIDENCE ⊂⟩376(9)—BOOKS OF ACCOUNT —AUTHENTICATION.

The salesman in an action on account testifying to making the sales and reporting them correctly to the bookkeeper, allowing the bookkeeper to testify he made the entries as given to him by the salesman was not error.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Assumpsit on account by J. A. Grant against J. E. Penney. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charge was refused to defendant:

(5) The jury may look to the fact, if it be a fact, that Penney was entitled to credit for the draft of $172.50, and to the further fact that no credit was allowed for such amount in determining what weight the jury will attach to the books and accounts of plaintiff offered in evidence.

The other facts sufficiently appear.

Erle Pettus, of Birmingham, for appellant. Murphree & Richardson, of Birmingham, for appellee.

SAMFORD, J. [1, 2] Charge 5, as requested by defendant, was argumentative, and gave undue prominence to a particular fact, and for these reasons was properly refused. Gilmore v. State, 126 Ala. 21, 28 South. 595; Brantley v. State, 91 Ala. 47, 8 South. 816.

[3, 4] The second, third, fourth, fifth, and sixth assignments of error are based upon the court's refusal to give, at the request of defendant, the general affirmative charge.

The basis of this suit is an account between the parties, extending over a series of years. This account contains over 500 items of debit and many items of credit, as shown by the book of the plaintiff, which the testimony of plaintiff tends to show is correct, except as to certain items of credit which were admitted on the trial. The defendant introduced many checks and drafts, some of which did not appear on the books of the plaintiff, but plaintiff denied that defendant was entitled to these, except as above noted, and explained that these checks and drafts were cash items that never became a part of the account. In the absence of testimony by the plaintiff denying these checks and drafts as credits, the presumption would have been that they were so paid, but plaintiff denied that they were paid as credits, and it therefore became a question for the jury. White v. Bean & Co., 77 South. 924;[1] 5 R. C. L. 486. The evidence was in conflict, and the affirmative charges were properly refused. There was

---

⊂⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 330.

also evidence which, if believed, tended to support the count on account stated.

[5] The seventh assignment of error is based upon the court's refusal to give at the request of defendant charge 14, in the following language:

"If you believe the evidence in this case, you must find the defendant entitled to the credits authorized by the plaintiff over the latter's signature in the memorandum under date November 19, 1915, which has been offered in evidence."

This charge was based upon a written statement signed by plaintiff in the following words:

"Comer, Ala., Nov. 19, 1913.

"Below is a list of credits Mr. Penney is entitled to, which I do not think is credited on a/c now:

"Collected of Ike Bowen rent ..... $100.00
"Last year ..................... 50.00
"Collected 2 bales of Alex Banks.
"Collected 1 bale of Mr. Cass.
"All above was for 1912 and 1913.

"J. A. Grant."

The plaintiff in his testimony denied receiving the cotton from Banks and the $50 from Bowen. The most that could be said for the memorandum is that it is a receipt, and that under section 3973 of the Code it must have effect according to the intent of the parties, but the statute does not change its probative force, and the rules of evidence in ascertaining the intention of the parties are the same as they were before the statute. Stegall v. Wright, 143 Ala. 204, 38 South. 844. And, when a receipt is given under a mistake of fact, it may be avoided. Cleere v. Cleere, 82 Ala. 581, 3 South. 107, 60 Am. Rep. 750; Haynes v. Wheat & Fennell, 9 Ala. 239. Therefore, when the plaintiff testified that he did not receive the cotton and the $50 on the account, it became a question for the jury to say whether the receipt was given under a mistake of fact, and therefore charge No. 14 as requested by defendant was properly refused.

[6] Charge 15 was as follows:

"It was the duty of the plaintiff to allow defendant credit for every amount paid plaintiff by defendant or for latter's benefit."

There was much evidence of many other transactions between the parties involving the payment of money, and therefore, unless a payment was made by the defendant or for his benefit on the account, he would not be entitled to a credit in this action.

[7, 8] The ninth assignment of error is based upon the refusal of the court to set aside the verdict and to grant a new trial, it being insisted that the verdict is contrary to the evidence, and that the plaintiff, during a recess of the court, and while the trial was in progress, made improper remarks to one of the jury derogatory to the character of defendant, and in support of this charge defendant files his affidavit. A counter affidavit by the juror denying the charge in the affidavit of the defendant is filed by the plaintiff. If the charge made in the affidavit of defendant is true, it was reprehensible conduct on the part of the plaintiff, and if the court's attention had been called to it then and upon examination the charge had been found to be true, the court would doubtless have stopped the trial, discharged the jury, and dealt with the plaintiff for a contempt. But, having the knowledge in his possession, the defendant will not be permitted to speculate upon the verdict, and, if unfavorable, have it set aside. This would itself be a trifling with the court, which should not be permitted. L. & N. R. R. Co. v. Sullivan, etc., Co., 126 Ala. 95, 27 South. 760; Ala. Lbr. Co. v. Cross, 152 Ala. 565, 44 South. 563, 126 Am. St. Rep. 55; Oliver v. Herron, 106 Ala. 639, 17 South. 387; Sowell v. Bank of Brewton, 119 Ala. 92, 24 South. 585. Besides, the court considered both affidavits, and even if its finding was that there was no such misconduct as was alleged, we could not on the evidence say it was error. The questions of fact were submitted to the jury; there was evidence tending to support the verdict; the witnesses were before the jury; the court had the advantage of hearing this evidence and seeing the witnesses. Under these circumstances this court would not be justified in setting aside the verdict.

[9] The tenth and eleventh assignments of error were based on the action of the court in permitting the bookkeeper of plaintiff to testify that he had made certain entries in the books as given to him by the salesman in the store making the sales. The salesman testified to making the sales and reporting them correctly to the bookkeeper. This action of the court was not error. Dickens v. Murray & Peppers, 163 Ala. 556, 50 South. 1019, and 149 Ala. 240, 42 South. 1031.

The fertilizer account was not embraced in the issues of this suit, and evidence sought to be brought out relating to it was properly excluded.

There is no error in the record, and the judgment is affirmed.

Affirmed.