(97 South. 687)

## NEW YORK LIFE INS. CO. v. TURNER.
## (2 Div. 808.)

(Supreme Court of Alabama.    Oct. 11, 1923.)

**1. Insurance �köm668(11)—Cause of death of insured question of fact for jury.**

In an action on a life policy, evidence as to the cause of death of insured held to present an issue of fact for the jury, and an affirmative charge in defendant's favor was properly refused.

**2. New trial ⊙ⅱ47—Statement by party to jurors held ground for new trial.**

A statement made by plaintiff outside of court to two jurors engaged in the trial of a cause on a life insurance policy, "My fate is in your hands, if the jury decides against me, I will be satisfied, but if they decide in my favor, I will be the happiest woman in the courthouse or in the town," constitutes misconduct demanding a new trial.

**3. New trial ⊙ⅱ140(3) — Conclusion reached that improper remarks of party were heard by jurors.**

Conclusion reached from consideration of affidavits that certain improper remarks were made by plaintiff to jurors engaged in trial of cause, or, if not made directly to them, were made in their presence and intended to be heard by them.

**4. New trial ⊙ⅱ55—Right of objection to improper remarks of party until after verdict not waived.**

Right of objection to misconduct of a party in making improper remarks in the presence of jurors was not waived, when the misconduct, though known at the time, was not brought promptly to the court's attention, nor was the guilty party in a position to object on the ground of speculating on the verdict of the jury, since her own misconduct produced the condition.

**5. Insurance ⊙ⅱ659(2)—Plaintiff should have been required to identify newspaper clipping concerning manner of insured's death.**

In an action on a life policy where the defense was suicide, defendant should have been permitted to have plaintiff identify a newspaper clipping which she inclosed in a letter to defendant concerning the manner of death of insured.

**6. Insurance ⊙ⅱ659(2)—Answer should have been required what plaintiff saw or heard upon arrival home after insured's death.**

In an action on a life policy where the defense was suicide, plaintiff should have been required to answer as to what she·saw or heard when she reached home after learning of insured's death.

**7. Insurance ⊙ⅱ659(2)—Whether insured had newspaper clipping regarding suicide of relative pertinent inquiry.**

In an action on a life policy to which the defense was suicide, witness should have been permitted to state whether insured shortly before his death had a clipping from a newspaper which he exhibited to him, containing an account of the suicide of a relative of insured.

**8. Insurance ⊙ⅱ662(1)—Statement of physician made part of proof of death admissible in evidence.**

In an action on a life policy to which the defense was suicide, a statement of a physician expressly made part of the proof of death by the terms of the statement, signed by plaintiff, should have been admitted in evidence.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Action by Bulah G. Turner against the New York Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Frazer & John and Harry T. Smith & Caffey, all of Mobile, for appellant.

The verdict should have been set aside, on defendant's motion ·for a new trial, because of the remark made by plaintiff to or in the presence of one or more jurors. Craig v. Pierson Lbr. Co., 169 Ala. 548, 53 South. 803; L. & N. Co. v. Turney, 183 Ala. 398, 62 South. 885; Clay v. Montgomery, 102 Ala. 297, 14 South. 646; K. C. v. Phillips, 98 Ala. 159, 13 South. 65; 29 Cyc. 796; 12 Ency. Pl. & Pr. 553.

John S. Tilley, of Montgomery, and Gray & Dansby, of Butler, for appellee.

A motion for a new trial will be denied, when it is based on misconduct of plaintiff known to the defendant before verdict is rendered, and not called to the attention of the court. Penney v. Grant, 16 Ala. App. 510, 79 South. 271; L. & N. Co. v. Sullivan Co., 126 Ala. 95, 27 South. 760; Ala. Lbr. Co. v. Cross, 152 Ala. 565, 44 South. 563; Oliver v. Herron, 106 Ala. 639, 17 South. 387; Sowell v. Bank, 119 Ala. 92, 24 South. 585; 28 N. D. 395, 149 N. W. 356, L. R. A. 1915C, 318.

GARDNER, J.   Appellee brought this suit against the appellant on a policy of life insurance, dated November ̒5, 1919, insuring the life of her husband, W. H. Turner. The insured died within two years following the issuance of the policy, and the defendant interposed the plea that within this two-year period, on to wit, January 28, 1921, the insured came to his death by self-destruction—the policy containing the usual suicide clause.

The evidence for the defendant tended to show that the insured died from the effects of carbolic acid internally administered with suicidal intent. The plaintiff in rebuttal offered testimony rested upon the theory that the insured died of heart failure, and that no carbolic acid was taken internally, but, if used, it was only for the purpose of relieving the toothache.

The defendant insists that any theory contrary to that of suicide rested upon mere

conjecture, and that therefore the court should have given the affirmative charge in its favor as requested.

[1] To discuss the evidence would serve no useful purpose as the cause must be reversed upon another ground, but the court has given due consideration to the testimony in consultation, and the conclusion has been reached that under the evidence offered by the respective parties an issue of fact was presented for the jury's determination, and the affirmative charge was properly refused.

[2] After verdict for the plaintiff, the defendant moved for a new trial based upon the sole ground of the improper conduct of the plaintiff in discussing with and making remarks to some members of the jury during the trial of the cause. An attorney who assisted counsel for the defendant in the defense of the cause made affidavit to the effect that on the night of April 4, 1922, after adjournment of court for supper, two of the jurors were introduced to the plaintiff and to the affiant in the lobby of the hotel, and that plaintiff then stated to these jurors as follows:

"My fate is in your hands, if the jury decides against me, I will be satisfied, but if they decide in my favor, I will be the happiest woman in the courthouse or in the town."

[3] Affidavits offered by the plaintiff were in denial of this conversation, and the proof [presented to the trial court by affidavits only] leaves this question as one of disputed fact for determination here. The affidavits bearing thereon have been read and considered by us in consultation, and the conclusion has been reached that these remarks were made to the jurors named or to some of the jurors engaged in the trial of the cause, or if not made directly to them were made in their presence, and intended to be heard or were heard by them. We enter into no discussion of these affidavits, but rest content with the statement of our conclusion of this issue of fact. It requires no argument to demonstrate that this was such misconduct as demands a new trial.

In Craig v. Pierson Lbr. Co., 169 Ala. 548, 53 South. 803, speaking to this question, the court said:

"Aside from protecting the rights of parties, in the fair and impartial administration of justice, respect for the courts calls for their condemnation of any improper conduct, however slight, on the part of a juror, of a party, or of any other person, calculated to influence the jury in returning a verdict. So delicate are the balances in weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. Not only the evil, in such cases, but the appearances of evil, if possible, should be avoided."

[4] But it is argued that this misconduct [if such there was] was known to counsel for the defendants, and that the matter should have been brought promptly to the attention of the court, failing which the defendant should have been deprived of his motion for a new trial. Answering a like argument in the authority above cited, the court replied that the alleged misconduct was that of a party to the cause, and that it did not lie in the mouth of such guilty party to object on the ground of speculating on the verdict of the jury, since his own conduct produced the condition. In L. & N. R. Co. v. Turney, 183 Ala. 398, 62 South. 885, a like insistence was made, to which the court answered:

"The rule invoked, though generally prevailing, has no force in a case where the misconduct of the juror is instigated, prompted, or shared in by the adverse party himself."

Sowell v. Bank of Brewton, 119 Ala. 92, 24 South. 585; Oliver v. Herron, 106 Ala. 639, 17 South. 387; and Ala. Lbr. Co. v. Cross, 152 Ala. 562, 44 South. 563, 126 Am. St. Rep. 55, cited by counsel for appellee, are not cases of this character where misconduct of the party himself is shown, and are therefore readily distinguishable upon this ground from the instant case.

In Penney v. Grant, 16 Ala. App. 510, 79 South. 271, also cited by counsel for appellee, the case of Craig v. Pierson Lbr. Co., supra, and L. & N. R. Co. v. Turney, supra, appear to have escaped the attention of the Court of Appeals, which case was not reviewed by this court.

For the error in overruling the motion for new trial, the judgment must be reversed.

[5, 6] In view of another trial of the cause, it is well to call attention to a few of the assignments of error based upon rulings on evidence. We are of the opinion that the defendant should have been permitted to have the plaintiff identify a newspaper clipping concerning the manner of the death of insured, which she inclosed in a letter to the insurance company. It would seem also that plaintiff should have been permitted to state any of the conversation which she recalled made by the insured before his death as to the condition of his health, and she should also have been required to answer when she reached home, after learning of Mr. Turner's death, as to what she saw, and what occurred.

[7] The witness Long, testifying for the defendant, should have been permitted to state whether or not the insured had a clipping from a newspaper, and exhibited it to the witness at the time of his conversation a short time before his death—which clipping contained an account of the suicide of a relative of the deceased.

[8] The statement of the physician was expressly made part of the proof of death by the terms of the statement signed by plaintiff, and should have been admitted as evidence by the court.

What we have here said will suffice for a retrial of the cause.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.