(101 So. 642)

### Ex parte ALABAMA FUEL & IRON CO.

### ALABAMA FUEL & IRON CO. v. COURSON.

### (7 Div. 513.)

(Supreme Court of Alabama. Oct. 9, 1924.)

**I. New trial ⊂ⁿ49—Conduct of juror in conversing with counsel for prevailing party held to disqualify him.**

Where a juror, after jury was discharged for the night, conversed with counsel for plaintiff (prevailing party), with reference to in-

creasing such juror's pension as war veteran, and counsel promised to assist juror in procuring increase, such conduct of juror *held* to disqualify him, regardless of his honesty and conscientiousness.

**2. New trial ⬾55—Failure to apprise court of juror's misconduct, until after adverse verdict, held not waiver of misconduct.**

That counsel for defense did not apprise trial court, until after verdict was rendered for plaintiff, of observed fact of juror's misconduct during trial, *held* not a waiver of such misconduct.

Certiorari to Court of Appeals.

Petition of the Alabama Fuel & Iron Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Alabama Fuel & Iron Co. v. Courson, 20 Ala. App. 312, 101 So. 638. Writ denied.

The question treated appears to have arisen as follows: The jury trying the cause had been charged by the court and had retired to the jury room and deliberated some time, when they were called into the courtroom and discharged by the court for the night. One of the jurors approached one of the attorneys for the plaintiff, who was then in the probate office, and requested the attorney to go with him to a back room, where they discussed the matter of a raise in the pension of the juror who was a veteran of the Spanish-American War. The attorney, who was an assistant United States district attorney, promised that he would do all he could to assist, and would endeavor to secure the assistance of another federal officer in having the pension raised. It further appears that one of the attorneys for the defendant was present in the probate office when the meeting and discussion of the juror and the attorney for plaintiff occurred, and saw them conversing together, and that no effort was made to inform the court of the fact. Judgment being rendered for plaintiff, defendant moved for a new trial, assigning as one of the grounds thereof the conduct of the juror and attorney for plaintiff. The circuit court denied the motion for a new trial, and this judgment was affirmed by the Court of Appeals. This petition follows.

'Percy, Benners & Burr and J. R. Forman, all of Birmingham, for petitioner.

Counsel argue the conduct of the juror constituted reversible error, and cite 20 R. C. L. 261; 19 L. R. A. (N. S.) 735 note; Craig v. Pierson Lbr. Co., 169 Ala. 552, 53 So. 803; Manning v. A. B. & A., 206 Ala. 629, 91 So. 446; L. & N. v. Turney, 183 Ala. 398, 62 So. 885; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037. Knowledge by a party or his attorney is not a waiver of misconduct on the part of a ju-

ror, shared in by the prevailing party or his attorney. Craig v. Pierson Lbr. Co., supra; L. & N. v. Turney, supra; N. Y. Life Ins. Co. v. Turner, 210 Ala. 197, 97 So. 687.

V. T. Garrett, of Pell City, Charles R. Robinson, of Ashville, and Brown & Denson, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1] The effect of the decisions is to preserve the time-honored institution of the common law—the jury system. The right of both parties to a jury, free from bias, prejudice, or interest, should not be lost, and that right should not be subject to chance or perils such as have been pointed out and condemned by this court. See New York Life Ins. Co. v. Turner, 210 Ala. 197, 97 So. 687; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728; Leith v. State, 206 Ala. 439, 90 So. 687; Manning v. A. B. & A. Ry. Co., 206 Ala. 629, 91 So. 446; L. & N. R. Co. v. Turney, 183 Ala. 398, 62 So. 885; B. R., L. & P. Co. y. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Craig & Co. v. Pierson Lbr. Co., 169 Ala. 548, 53 So. 803. However honest and conscientious the juror may have been, under the circumstances, he was not a proper juror.

[2] We do not think the knowledge by defendant's attorney of the juror's conduct during the trial was a waiver of that misconduct because not brought to the attention of the court until the verdict was rendered. In Craig & Co. v. Pierson Lbr. Co., 169 Ala. 548, 552, 53 So. 803, 804, the court said:

" 'It is the general rule that a new trial will be granted if jurors are entertained during the trial by the party in whose favor a verdict is rendered. So it has been held ground for a new trial that the prevailing party furnished jurors with cigars or intoxicating liquors.' Id. p. 1235, referring to 17 Am. & Eng. Ency. Law (2d Ed.).

"Aside from protecting the rights of parties, in the fair and impartial administration of justice, respect for the courts calls for their condemnation of any improper conduct, however slight, on the part of a juror, of a party, or of any other person, calculated to influence the jury in returning a verdict. So delicate are the balances in weighing justice that what might seem trivial under some circumstances would turn the scales to its perversion. Not only the evil, in such cases, but the appearances of evil, if possible, should be avoided.

" * * * Here the knowledge was acquired during the recess period of the court for dinner or lunch, and on the reconvening of the court, without objection made, the argument of the case proceeded, and the charge of the court to the jury was given, and the jury permitted to retire to make a verdict, and not until a motion for a new trial was the alleged misconduct made known to the court.

---

"* * * But this rule does not and should not apply in cases of misconduct on the part of a juror, arising after his acceptance as such and a trial entered upon. In the present case the alleged misconduct was that of a party, and the remedy of the injured party was by a motion to set aside the verdict and for a new trial. It is true he might have brought the matter to the attention of the court before proceeding further with the trial, but his failure to do so ought not to deprive him of his remedy on a motion for a new trial. It does not lie in the mouth of the party guilty of the misconduct to object on the ground of speculating on the verdict of the jury, since his own misconduct produced the conditions. To require a party to make his objection pending the trial might still further prejudice him, especially if it should happen that he was mistaken in making the charge, though ever so honest."

See, also, L. & N. R. Co. v. Turney, supra; New York Life Ins. Co. v. Turner, supra.

The writ is granted.

All the Justices concur.