(121 So. 24)

## JONES v. COLEY.   (1 Div. 544.)

Supreme Court of Alabama.   March 21, 1929.

C. L. Hybart, of Monroeville, for appellant.

J. D. Ratcliffe, of Monroeville, for appellee.

GARDNER, J. Action of detinue for the recovery of a mule. There was verdict and judgment for plaintiff, and defendant appeals.

Each of the parties to this suit had lost a mule, and each is emphatic the mule sued for is his own. The sole question of fact related to the identity of the mule, and the evidence was in sharp conflict. During the progress of the trial, by agreement of counsel the jury inspected the mule then in the courthouse yards. We see no objection in the court permitting plaintiff to state that the mule inspected on that day was not in as good condition as it was when he saw it in defendant's lot in 1926. This was but a statement of a collective fact, and not objectionable as a conclusion of the witness.

The witness Booker was properly permitted to testify to the statement made to him by defendant when looking for his lost

mule, which was contradictory of defendant's testimony when on the stand, and for which a predicate had been laid. The testimony was relevant as tending to show defendant was looking for a mule that' did not answer the description of the mule he subsequently found, and for the recovery of which this suit was brought. Permitting the witness Booker to testify, though he had been in the courtroom during some of the evidence, was a matter largely controlled by the discretion of the trial court. Moreover, this witness had not heard defendant testify, and his evidence was confined as above outlined.

The denial of the motion for new trial presents the only remaining question argued by counsel. The ground of the motion that the verdict was contrary to the weight of the evidence needs no discussion, and, indeed, is given scant consideration in brief. The ground really insisted upon relates to alleged statement of juror McCants in the presence of several of the jurors when the jury were inspecting the mule, indicating he had personal knowledge concerning the subject-matter so as to constitute him a witness in the cause, and concerning which he should have informed the court upon his acceptance as a juror. Defendant, on the hearing of this motion, offered the testimony of one of the counsel for defendant as to what was said at the time by this juror, and no other proof. We think this testimony is to be reasonably and properly construed to the effect that the attorney himself heard the remark. Certainly the defendant has offered nothing to the contrary that his counsel had knowledge thereof during the progress of the trial. Sowell v. Bank of Brewton, 119 Ala. 92, 24 So. 585; Ala. Lbr. Co. v. Cross, 152 Ala. 562, 44 So. 563, 126 Am. St. Rep. 55; Oliver v. Herron, 106 Ala. 639, 17 So. 387; Hayne v. State, 211 Ala. 555, 101 So. 108; Greer v. Malone-Beall Co., 196 Ala. 401, 72 So. 28; Ala. Power Co. v. Hall, 212 Ala. 638, 103 So. 867; 29 Cyc. 981.

No misconduct of any party to the cause is here involved as illustrated in New York Life Ins. Co. v. Turner, 210 Ala. 197, 97 So. 687; Briggs v. Prowell, 215 Ala. 604, 112 So. 197; Ex parte Alabama Fuel & Iron Co., 212 Ala. 1, 101 So. 642, and these authorities are therefore to be distinguished for this reason from those first above noted.

Having knowledge during the trial of the matter which constitutes this ground of the motion for a new trial and remaining silent until after the verdict, defendant will be conclusively held to have waived the same. Oliver v. Herron, supra; Sowell v. Bank of Brewton, supra; Alabama Lbr. Co. v. Cross, supra. The burden of proof was upon the movant, and we conclude it has not been sufficiently met. The motion was correctly denied.

Finding no error in the record, let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.