[Greer v. Malone-Beall Co.]


# Greer *v.* Malone-Beall Co.

### Assumpsit.

(Decided June 1, 1916.   72 South. 28.)

1. **New Trial; Grounds; Jury Panel.**—The presence on the jury of two persons stricken by defendant, and not selected as a part of the jury to try the cause, was good grounds for a new trial, where this was unknown to defendant and his counsel before judgment rendered.

2. **Same; Waiver.**—If after discovering the presence of such person on the jury panel, defendant had reasonable time and facility to interpose an objection before verdict, a failure to do so would be a waiver of the error, since he would have no right to speculate on a finding favorable to him, and afterwards complain of error.

3. **Same; Negligence.**—If defendant or his counsel had personal knowledge of the appearance and identity of the stricken jurors, their failure to note their presence on the panel during the trial would have been such negligence as to foreclose any complaint on that ground.

4. **Appeal and Error; Presumptions.**—Where the bill of exceptions does not purpose to set out all the evidence, and does not show any negligence by defendant with respect to the presence on the panel of two persons stricken by defendant, and not otherwise selected, it will be presumed on the appeal that the trial court was cognizant of the facts which justified its action in granting the new trial.

5. **New Trial; Error in Panel; Negligence.**—A brief delay by defendant in interposing objection to the presence on the panel after the trial of jurors which had been stricken by him, was not per se a waiver of his right in the premises.


APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by P. E. Greer against the Malone-Beall Company. There was judgment for plaintiff, which on motion of defendant was set aside and new trial ordered, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6.   Affirmed.

Among the grounds for the motion is the following:   (4) A struck jury to try said cause was demanded, and the names of Monroe Zorn and Otis Fulford were stricken by parties to this cause, and by the defendant, and were not selected as a part of the jury to try said cause.   These two persons, however, in some way, got to be members of said jury, and were on the panel of jurors which tried said case, and the other two persons who were

selected, and whose places these persons took, did not sit as jurors in said cause. The fact that Zorn and Fulford were on this jury was not known to defendant or his attorney, or at least he did not detect their presence during the trial of the cause, and did not know of it until the next day when another jury to try another case was being selected, and while the jury were out deliberating upon·their verdict.

The evidence supported the ʾaverments of the motion, and the motion was granted, and the judgment set aside. It does not appear from the bill of exceptions how much, if any, time elapsed between defendant's discovery of the mistake in the jury panel, and the bringing in of a verdict, nor whether defendant's motion was made with reasonable promptness, nor does the bill of exceptions purport to show all the evidence before the trial court on the hearing of the motion.

A. E. PACE, and W. L. LEE, for appellant. W. O. MULKEY, for appellee.

SOMERVILLE, J.— (1) The error in the jury panel, being unknown to defendant and his counsel, was very clearly a good ground for new trial, if the objection was not waived by unreasonable delay in its assertion.

(2) If, after its discovery, defendant had reasonable time and facility for interposing his objection before the verdict was returned, his failure to do so would doubtless have been a waiver of the error; for he would have had no right to thus speculate on the chance of a favorable verdict and afterwards complain of the error.—*Hoskins v. Hight,* 95 Ala. 284, 11 South. 253.

(3) So, if defendant or his counsel had personal knowledge of the appearance and identity of the stricken jurors, their failure to note their presence on the panel during the trial would no doubt have been such negligence as to foreclose any complaint of the verdict on that ground.

(4, 5) But the bill of exceptions, which does not purport to set out all the evidence before the court on the motion, does not show any negligence by the movant in·either particular, and we must presume that the trial court had cognizance of facts, if any there could be, which would justify its ruling; and we conceive that movant's counsel may have been engaged in the trial of another cause at the moment of discovery, which could not be

[Hackett v. Cash.]

conveniently suspended, or else the verdict may have been returned within a few minutes, or even seconds, thereafter. In either event, we would not be willing to declare that defendant's brief delay was per se a waiver of his rights in the premises.

For these reasons the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.