(89 South. 900)

### MURPHY v. STATE.   (5 Div. 355.)

(Court of Appeals of Alabama.   June 7, 1921. Rehearing Denied June 21, 1921.)

Intoxicating liquors ⬅️➡️238(1)—Whether defendant distilled prohibited liquors held a jury question.

In a prosecution for distilling prohibited liquors, where defendant claimed that proof showed only an attempt to distill, undisputed evidence showing that defendant was operating a still, and that at his home he was in possession of the manufactured product, made it a jury question as to whether the liquor found at his home was the product of the contraband still.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Clem Murphy was convicted of distilling prohibited liquors, and he appeals. Affirmed.

Barnes & Walker, of Opelika, for appellant.

The defendant was entitled to the affirmative charge. 5 Words and Phrases, 4181; 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20; 40 Minn. 55, 41 N. W. 299; 16 Ala. App. 240, 77 South. 78; Acts 1919, p. 6.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The case is practically on all fours with the case of W. J. Stewart v. State, ante, p. 114, 90 South. 49, and should be affirmed on the authority of that case.

BRICKEN, P. J.   Appellant was indicted, tried and convicted as charged in the following count of the indictment:

"The grand jury of said county charge that before the finding of this indictment, Clem Murphy after January 25, 1919, distilled, made, or manufactured alcoholic, spirituous, malted,

or mixed liquors or beverages, a part of which was alcohol, contrary to law."

On the trial of this case in the circuit court there were but two witnesses examined, one for the state, and the defendant alone testified in his own behalf. There was but slight conflict in the testimony, and the "statement of facts" made by appellant's counsel in brief, seems to state same fairly, and is as follows:

"That he [the state witness] went to the house of the defendant on the 2d day of March, 1920, in Lee county, Ala., and found a still set up and some liquor and beer; that he found about a half pint of liquor, but that the liquor was in two fruit jars in the house of the defendant, and that he did not know how long said liquor had been there; that he found the still on the branch, back of the defendant's lot, and about 90 steps from the location of the still he found two barrels of beer, or still-beer; that the still had beer in it, and that there was a fire under the still; that the still was in operation; that it was set up complete, and there was fire under it and water in the flake stand; that the beer in the still was not quite boiling, and that said still held about 15 gallons, and that the defendant was there working at the still; that the beer had fermented and settled, and that it remains just in that stage for a short time; that said beer was ready to be run off [The witness, explaining his expression, "run off," stated that it meant making the beer into whisky—cooking it]; that said beer was composed of cornmeal mash, syrup, and water. The witness, then being asked to explain the process of making whisky from that material, said that said beer is put into an air-tight vessel, with only one escape, which is called a worm, that runs through a water trough, and in cooking the beer the steam rises and runs through this pipe or worm, and the cold water condenses said steam into whisky. Said witness testified that he was a deputy internal revenue collector and had over six years' experience with that sort of thing; that he had been raiding stills and things of that sort. Said witness said that beer is a preparation made to make whisky from, and that carrying this beer through the distilling process is simply separating the alcohol. The witness also gave it as his opinion that this beer had alcohol in it and was intoxicating."

It was contended in the court below, and also insisted upon here, that while the defendant could properly have been convicted of the misdemeanor (comprehended in the indictment)—that is, of an attempt to distill, make, or manufacture the prohibited liquor complained of—there was no evidence which would justify the verdict of guilty as charged, the felony. We are unable, however, to agree with appellant's counsel in this insistence for the reason that the testimony not only disclosed without dispute that the defendant had a still and was operating it, but it also showed without dispute that the defendant was found to be in possession in his home of some of the manufactured prod-

---

⬅️➡️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

uct the possession of which was undenied, nor was its presence in defendant's house explained or attempted to be explained. It was therefore a question for the jury as to whether or not the contraband liquor found in his possession at his home was the product of the contraband still which he admitted was his, and that he was operating in the effort to make whisky. W. J. Stewart v. State, 90 South. 49.[1] We think the trial court entertained the correct view, and made no error in refusing the general affirmative charge requested by defendant.

It follows that the judgment of conviction. appealed from must be affirmed.

Affirmed.

⊙=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 114.