(89 South. 831)

### SWEAT v. STATE.   (7 Div. 698.)

(Court of Appeals of Alabama.   June 21, 1921.)

1. Criminal law ⬅═201—Prosecution for illegally carrying on business of distiller held not bar to subsequent prosecution for unlawfully manufacturing alcoholic liquor.

Conviction under indictment charging defendant with having distilling apparatus without having the same registered, and with unlawfully carrying on the business of a distiller without having given bond, and with unlawfully carrying on business of a distiller with intent to defraud the United States of the tax, and with unlawfully working in a distillery which did not bear the words "Registered Distillery," and other matters, held not to preclude subsequent prosecution under indictment charging that defendant did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcohol.

2. Intoxicating liquors ⬅═238(1)—Whether defendant unlawfully manufactured intoxicating liquor held for jury.

In prosecution for unlawfully manufacturing intoxicating liquor, evidence held sufficient for submission of case to jury.

3. Criminal law ⬅═784(7)—Instruction as to circumstantial evidence properly refused because misleading.

In prosecution for unlawfully manufacturing alcoholic liquor, instruction as to circumstantial evidence being inconsistent with innocence held properly refused because misleading.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Noah Sweat was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

The plea of former jeopardy set out an indictment against the defendant in the District Court of the United States at the August term, 1919, charging the defendant with having a distilling apparatus without having the same registered as required by law, and charging him in the second count with unlawfully carrying on. the business of a distiller without having given bond as required by law, and in count 3 charging him with unlawfully carrying on the business of a distiller with the intent to defraud the United States of the tax of the spirits distilled by him, and in count 4 charging him with unlawfully working in a distillery which did not bear the words "Registered Distillery," and other matters. The plea also set up defendant's plea of guilty thereto and a judgment and decree finding him guilty. The pred-icates laid for the confession was that by

the person who arrested the defendant, and was to the effect that the defendant stated that he had been making a little whisky for his use and that of his wife; the witness stating that no one in his presence made any threats against the defendant nor offered him any reward, nor said anything to him to get him to make the statement. This same thing occurred as to several other witnesses.

The following charge was refused to the defendant:

(1) I charge you, gentlemen, that the commission of this offense is based upon circumstantial evidence. I further charge you the test of the sufficiency of circumstantial evidence in this case is whether the circumstances as proven are capable of an explanation upon any reasonable hypothesis consistent with defendant's innocence; and, if you further find from the evidence that the explanation in this case, based upon a reasonable hypothesis is reasonable and consistent with defendant's innocence, then you should acquit the defendant.

J. M. Miller, of Gadsden, and John A. Lusk, of Guntersville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.   [1] The indictment in this case charged that the defendant subsequent to the 25th day of January, 1919, did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc.

The demurrers to the plea of former jeopardy were properly sustained.

[2] The facts presented by this record, being in conflict, made it a question for the determination of the jury. It was shown by the state that during the month of April, 1919, three state's witnesses, consisting of the sheriff and his deputies, went to the home of defendant, which was in North Gadsden, Etowah county, in search of a still. As a result of this search, the evidence showed that a still was found, with all of its necessary attachments and appliances, and, while it was not at that time assembled and ready for operation, there was evidence the tendency of which was that it was easily capable of immediately being assembled and put in operation. The still, cap, worm, thumper, and other component parts bore evidence of its very recent use; and there was also found some 20 or 30 gallons of beer in the same room, and this beer was suitable for making whisky. Some whisky in a fruit jar was also found there and was brought into court and introduced in evidence in connection with the testimony

of the state witnesses. Over the objection of the defendant, which objections were clearly without merit, it was shown that the defendant voluntarily confessed to having made the whisky, and in this confession stated "he had made it for his own use," and to another witness he stated "he was making some for his own use; that his wife was sick and wanted some whisky, and he could not get any."

There was but slight conflict as to the fact of the still, equipment, beer, whisky, etc., being found in the home of the defendant, but the defendant testified that he had bought the whisky, and that the beer found there had been made by another, one Mary Knighton, not a member of his household, and that she was dead.

As before stated these facts presented a jury question. Each ruling of the court upon the testimony has been examined, and are clearly free from any error of a prejudicial nature. The predicates for the admission in evidence of the confessions was full and complete and met every requirement of the rules governing the introduction in evidence of the confessions of the defendant.

[3] There is no error in the court's oral charge, and special written charge 1 was properly refused because of its misleading tendencies and under its terms being confused and involved.

The judgment is affirmed.
Affirmed.