(92 South. 245)

### WADSWORTH v. STATE. (6 Div. 877.)

(Court of Appeals of Alabama. Jan. 10, 1922.)

1. **Criminal law ⬤⇒914—Defendant cannot ask that matter be reviewed, when first presented in motion for new trial.**

Defendant in criminal prosecution, having the opportunity to raise a question as to validity of the grand jury on plea in abatement on the main trial, and it appearing not to have been then presented, cannot ask that it be reviewed, when first presented in his motion for new trial.

2. **Indictment and information ⬤⇒87(8), 176 —To convict of unlawful manufacture, the proof and indictment must show manufacture after January 25, 1919.**

It was necessary that an indictment for the unlawful distilling or manufacture of alcoholic, spirituous, malted, or mixed liquors or beverages, contrary to law, should allege as it does that the prohibited liquors were made or manufactured since January 25, 1919, and it was equally necessary, in order to sustain a conviction, that the proof should correspond to such allegation.

3. **Criminal law ⬤⇒517(4)—Corpus delicti not having been proven, confessions were improperly admitted.**

In a prosecution for the unlawful manufacturing of whisky, the corpus delicti not having been proved, the confessions on this account were improperly admitted, even though they were voluntary and a proper predicate was laid.

Appeal from Circuit Court, Blount County; W. J. Martin, Judge.

Steve Wadsworth was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Russell & Johnson, of Oneonta, for appellant.

The defendant was entitled to the affirmative charge. 109 Ala. 50, 19 South. 494; 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844; Acts 1919, p. 11. The confession was improperly admitted. 83 Ala. 1, 3 South. 749, 3 Am. St. Rep. 682; 84 Ala. 426, 4 South. 383; 106 Ala. 34, 17 South. 456; 100 Ala. 15, 14 South. 859.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was convicted under an indictment which charged that he "Subsequent to the 25th day of January, 1919, did distill, make, or manufacture, in said state and county, alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic, contrary to law." The plea in abatement, as appears in the record to have been filed, questioning the validity of the grand jury that found and returned the indictment, appears to have been abandoned, as there is no reference thereto in the judgment, nor anything in the judgment to indicate that it was acted upon by the court. Virgil Thomas v State, ante, p, 314, 92 South. 241.

[1] The same proposition appears to have been raised in the defendant's motion for a new trial. Having the opportunity to raise this question on the main trial, and it appearing not to have been then presented, the defendant cannot ask that it be reviewed, when first presented in his motion for a new trial. Greer v. Malone Beall Co., 196 Ala. 401, 72 South. 28; L. & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 South. 760.

[2] There was only one witness introduced in the trial of the case, and that was the sheriff of the county. We have given the most careful consideration to his evidence, and are of the opinion that there is nothing therein to indicate whether the prohibited liquors found on defendant's premises were manufactured prior or subsequent to the 25th day of January, 1919. In fact, there is just as much evidence to warrant the conclusion that the manufacture was before as subsequent to said date. It was necessary that the indictment should allege, as it does, that

───────────

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the prohibited liquors should have been made or manufactured since the 25th day of January, 1919, and it was equally necessary, in order to sustain a conviction, that the proof should correspond to such allegation.

A consideration of some of the recent cases of like character as this one, which have been before this court, discloses in each instance that, where the judgment of the lower court has been upheld, there has been some testimony, either direct or by way of legitimate inference, from which the jury could say that the prohibited liquors were manufactured since the 25th day of January, 1919. For instance, in the case of Word White v. State (Ala. App.) 91 South. 888,[1] there was testimony that in the defendant's house, which was searched on February 12, 1919, there were whisky jugs and kegs which smelled like whisky had recently been emptied out of them; that about 300 yards from defendant's house there was found a place where fire had been built, broken up boards, a lot of sticks, and much evidence of tracks and treading around the place. A stone furnace was also found there, big enough for a still; also a still furnace, with thumper and condenser, and all indications were that a still had been operated at the place for a considerable length of time, and even within the "last two days."

In the case of Sweat v. State (Ala. App.) 89 South. 831,[2] the testimony, among other things, showed that in April, 1919, a still was found at the defendant's home, with all the necessary attachments and appliances. Whisky and beer were also found there, and "the still, cap, worm, thumper, and other component parts bore evidence of its very recent use." In the case of Clem Murphy v. State (Ala. App.) 89 South. 900,[3] the testimony among other things showed that whisky and beer were found at the defendant's home in the month of March, 1920, and that a still was found on a branch all set up back of defendant's lot, and about 90 steps from the location of the still was found two barrels of beer; that the still had beer in it, and there was a fire under the still; that the still was in operation, and there was water in the flake stand, and the beer was ready to be run off. Many other cases might be cited, but these are sufficient to show that in each instance there has been some evidence that the making of the prohibited liquors was since the 25th day of January, 1919.

[3] The defendant made specific objections to the testimony tending to show that he manufactured liquor, on the grounds that the corpus delicti had not been proven, and that there was no testimony showing that the whisky was made subsequent to January 25, 1919. In the light of the decisions of this court referred to, and our conception of the law, we are constrained to hold that in overruling these objections, the trial court was in error. Mills v. State (Ala. App.) 85 South. 867.[4] The corpus delicti not having been proven, the confessions on this account were improperly admitted. They were shown, however, to have been voluntary, and a proper predicate was laid for their admission, had they been otherwise admissible. Morton v. State 206 Ala. 300, 89 South. 655.

Under all the evidence in this case, we are of the opinion that the defendant was entitled to the general affirmative charge requested by him.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

---

18 ALA.APP.—23   [1] Ante, p. 275.   [2] Ante, p. 198.   [3] Ante, p. 212.   [4] 17 Ala. App. 493.