TAYLOR v. STATE. (8 Div. 944.)

(Court of Appeals of Alabama. April 11, 1922.)

1. Criminal law ⬤⟶696(5)—Failure to exclude evidence, not objected to until question answered, not error.

Defendant cannot speculate as to what the answer to a question will be, and then object; and, where objection was not made until the question was answered, the court will not be put in error for refusing to exclude the answer.

2. Intoxicating liquors ⬤⟶233(2)—Evidence that still would just fit defendant's stove held competent.

On trial for manufacturing prohibited liquors, evidence that a still found at defendant's home would just fit the eyes of defendant's stove was admissible, as tending to bear out the state's contention as to the manner in which he was making liquor.

3. Intoxicating liquors ⬤⟶233(2)—Evidence as to finding of parts of manufacturing appliances held admissible.

On trial for manufacturing prohibited liquors, evidence that different parts of a liquor-manufacturing plant were found at or about defendant's home, and a worm and cap in his barn loft, was admissible.

4. Intoxicating liquors ⬤⟶233(2)—Evidence that manufacturing appliances had appearance of having been recently used admissible.

On trial for manufacturing prohibited liquors, evidence as to whether parts of a manufacturing plant found on defendant's premises were smoked, or had the appearance of recent use, was admissible as tending to establish the allegation that the manufacture was subsequent to January 25, 1919.

5. Indictment and information ⬤⟶176—Manufacture of liquor since manufacture prohibited must be proved, as well as alleged.

On a trial for manufacturing prohibited liquor, the fact that the manufacture was subsequent to January 25, 1919, must not only be

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 217.      [2] Ante, p. 119.      [3] Ante, p. 143.

alleged, but proved, before conviction is warranted.

**6. Criminal law ☞394—Evidence not inadmissible because obtained by illegal search.**

On a trial for manufacturing prohibited liquors, evidence of appliances and things found during a search of defendant's premises was not inadmissible because the search was illegal.

**7. Criminal law ☞723(1)—Solicitor's remark that, when sheriff risked life to bring man in, he would prosecute, not objectionable.**

The solicitor's remark in his argument that, when the sheriff went out and risked his own life to bring in a man, he was going to prosecute him, was not subject to objection, especially where there was no motion to exclude it.

**8. Criminal law ☞829(1)—Requested charges, covered by oral charge, properly refused.**

Requested charges, substantially covered by the court's oral charge, were properly refused.

**9. Criminal law ☞815(4)—Charge properly refused as elliptical.**

An instruction that there was a vast difference in an intent to commit a crime, and that there was no violation of the law if one only intended to make whisky, and did not in fact attempt to make or manufacture whisky, was elliptical, and properly refused.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bob Taylor was convicted of violating the prohibition laws, and he appeals. Affirmed.

In his argument to the jury the solicitor, said:

"When the sheriff goes out and risks his life to bring in a man, I am going to prosecute him."

The following charges were refused the defendant:

(8) "If the search was made without a warrant, then any evidence that was found would have been illegally obtained, and would not be competent legal evidence."

(9) "There is a vast difference in an intent to commit a crime—there is no violation of the law if he only intended to make whisky, and did not in fact attempt to make or manufacture whisky."

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

The evidence does not support the conviction. 90 South. 42; 89 South. 98. The court should have excluded all the evidence as to the search and have given charge 8. 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319. The court should have excluded the argument of the solicitor. 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 17 Ala. App. 353, 85 South. 833.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was tried and convicted under an indictment which charged him with manufacturing prohibited liquors since January 25, 1919. Under the authority of Lang v. State (Ala. App.) 89 South. 164,[1] the motion to quash the indictment was properly overruled, and the demurrers properly sustained to the plea in abatement.

[1] During the examination of one or more witnesses for the state, the defendant interposed objections to several questions after the witness had made answer thereto; the objection to the question and motion to exclude the answer being made at the same time. The ruling of the court in such instances will not be reviewed. Defendant cannot speculate on what the answer will be, and then at one and the same time interpose his objection to the question, and motion to exclude, should the answer be unsatisfactory. Malone v. State, 16 Ala. App. 185, 76 South. 469; 13 Michie's Digest, p. 720. The testimony being responsive, the court will not be put in error in refusing to exclude. Turney v. State, 16 Ala. App. 134, 75 South. 726.

[2] It was competent for the witness to state that the still, found at the defendant's home, just fitted over the eyes of the defendant's stove; this tending to bear out the contention of the state that it was in this manner that the defendant was making liquor.

[3-6] It was competent for the state to prove that at or about the defendant's home there were found the different parts of a liquor-manufacturing plant, and that in the defendant's barn loft was found a worm and cap. There was a time when the little ant was pointed to as a model of industry; but she has been robbed of this virtue, and the honor now seems to belong to the "worm." Not only that, these different parts and appliances were found in the defendant's possession, but their condition, as to whether they were smoked, or had the appearance of recent use. The condition and appearance of these things tended to establish the necessary allegation of the indictment that the alleged manufacture of the liquor, was subsequent to the 25th day of January, 1919, which fact was not only a necessary allegation, but necessary to be proved, before a conviction was warranted. Wadsworth v. State (Ala. App.) 92 South. 245.[2] The court properly overruled the defendant's motion to exclude evidence of the appliances and things witnesses found in a search of defendant's premises, on the ground that the search was illegal. Mary Banks v. State, ante, p. 376, 93 South. 293.

[7] The defendant's objection to that part of the solicitor's argument excepted to was properly overruled. Besides, no motion was made to exclude the argument objected to.

[8] Refused written charges 7 and 10 were

substantially covered by the court's oral charge.

Charge 8 was properly refused. Mary Banks v. State, ante, p. 376, 93 South. 293.

[9] Charge 9 is elliptical.

We find no error in the record, and the judgment appealed from must be affirmed. Affirmed.