(103 So. 388)

**ARMSTRONG v. STATE.    (8 Div. 262.)**

(Court of Appeals of Alabama.    March 24, 1925.)

1. **Criminal law ⬚1036(1)—Failure to object to question calling for objectionable testimony held to preclude complaint on appeal of admission of such testimony.**

Failure to interpose objection to question calling for alleged objectionable testimony *held* to preclude complaint on appeal of admission of such testimony.

2. **Intoxicating liquors ⬚233(1)—Testimony that still found near accused's premises fitted the eyes of his stove held competent.**

In prosecution for distilling prohibited liquors and for unlawful possession of a still, testimony that still found near accused's premises fitted the eyes of his stove in his residence *held* competent.

3. **Criminal law ⬚1056(1)—Failure properly to except to statements in oral charge held to preclude review of such statements by appellate court.**

Failure to reserve exception in manner prescribed by law, to statements in oral charge, *held* to preclude review of such statements by appellate court.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Charles W. Armstrong was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Williams & Chenault, of Russellville, for appellant.

Counsel argue for error in the rulings of the court, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence that the device found fit the defendant's stove was admitted without error. Taylor v. State, 18 Ala. App. 439, 93 So. 305. The court will not review statements made in the oral charge, where no exception has been reserved. Ex parte State, 204 Ala. 389, 85 So. 785.

---

RICE, J. The defendant was convicted on both counts under an indictment charging him with distilling prohibited liquor and with unlawfully being in possession of a still.

[1, 2] Complaint is made here that the trial court committed reversible error in admitting, over defendant's objection, testimony to the effect that a still which was found by the officers near defendant's premises "fitted the eyes of a stove in defendant's residence." In the first place, no objection was interposed to the question calling for the testimony, and in the second place, this identical proposition has heretofore been by this court adjudicated adversely to the contention of appellant. Taylor v. State, 18 Ala. App. 439, 93 So. 305. Consequently there was no error in this action of the court.

The testimony in the case, we think, and hold, brings it fairly within the rule laid down in Glaze v. State (Ala. App.) 100 So. 629.[1] It follows that the trial court properly refused the general affirmative charge requested by defendant.

[3] The statements contained in the oral charge of the court, of which complaint is here made, cannot be reviewed by reason of the fact that no exception was reserved in the manner prescribed by law. Ex parte State ex rel., etc., Montgomery v. State, 204 Ala. 389, 85 So. 785.

There appearing no prejudicial error in the record, let the case be affirmed.

Affirmed.

